**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Timothy M. COUCH (94-6641) and Phillip Rodney Myers (94-6642), Defendants–Appellants.**

**Nos. 94–6641, 94–6642.**

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 10, 1995.

Decided Sept. 19, 1995.

Gary Humble and Gregg L. Sullivan (briefed), Asst. U.S. Attorneys, Office of the U.S. Attorney, Chattanooga, TN, for plaintiff–appellee.

Perry H. Piper (briefed), Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, for defendant–appellant.

Before: KEITH, KENNEDY, and SILER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendants pled guilty to breaking into, and stealing property from, motor vehicles parked in Cherokee National Forest, in violation of 18 U.S.C. § 13, which assimilates state criminal law. Lacking a specific offense guideline under the United States Sentencing Guidelines, the District Court calculated the defendants' sentences under the burglary guideline. Defendants appeal their sentences, arguing that the court should have applied the theft guideline, under which they would have received lesser sentences. For the following reasons, we vacate defendant Couch's sentence and remand to the District Court for resentencing consistent with this opinion, and we affirm defendant Myers' sentence.

## I.

On July 5, 1994, United States Forest Service Officers observed defendants break into three unoccupied vehicles and steal various items of personal property. The vehicles were parked within the boundaries of the Cherokee National Forest, federal property located in the State of Tennessee. Officers arrested defendants two miles from the scene. They searched defendants' car and defendant Couch's residence, and uncovered property stolen from vehicles that were broken into while parked in the National Forest.

Defendants were charged with, and pled guilty to, a violation of the Assimilative Crimes Act, 18 U.S.C. § 13,[1] predicated upon a violation of Tennessee Code Annotated § 39–14–402.[2] Under the Assimilative Crimes Act, defendants' state law crime becomes a federal offense for which they are sentenced under federal guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* § 2X5.1 (Nov.1994).

There is no specific guideline for the Assimilative Crimes Act or for the offense of breaking into a motor vehicle with the intent to commit larceny. The court, as directed by the Sentencing Guidelines, selected the most analogous guideline, *see* USSG § 2X5.1., which it determined to be burglary guideline § 2B2.1.

Using § 2B2.1, the court determined Couch's guideline range to be eighteen to twenty-four months, based on an offense level of thirteen and a Criminal History Category of III. The court sentenced him to eighteen months imprisonment, ordered payment of $4,200.00 in restitution, and imposed a three-year term of probation.

Defendant Myers' presentence report indicated an offense level of eleven with a Crimi-

---

1. The Assimilative Crimes Act provides that:
   Whoever within or upon [a place of federal jurisdiction] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to like punishment.
   18 U.S.C. § 13.

2. Tennessee Code Annotated § 39–14–402 provides, in pertinent part:

   Burglary.—(a) A person commits burglary who, without the effective consent of the property owner:

   * * *

   (4) Enters any freight or passenger car, automobile, truck, trailer or other motor vehicle with intent to commit a felony or theft.

nal History Category of II, for a guideline range of ten to sixteen months. Due to an extraordinary physical impairment, the court departed downward in sentencing defendant Myers pursuant to USSG § 5H1.4. As a result, he received a three-year term of probation and was ordered to pay $3,200.90 in restitution.

## II.

On appeal, defendants argue that the theft guideline, § 2B1.1, is "the most analogous sentencing guideline" and that application of the burglary guideline resulted in harsher sentences than were warranted.

At the sentencing hearing, the District Court considered both the burglary [3] and theft [4] guidelines. It concluded that the burglary guideline was most analogous because the Tennessee statute defined defendants' offense as "burglary," and alternatively, because a statute to which the guideline explicitly relates, Breaking or Entering Carrier Facilities, 18 U.S.C. § 2117, is similar to defendants' offense.

## III.

We review this application of the sentencing guidelines de novo, United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990). For the reasons that follow, we conclude that the most analogous guideline is the theft guideline and that the District Court erred in selecting the burglary guideline.

Looking solely to Tennessee's definition of burglary for federal sentencing purposes is inconsistent with the Supreme Court's ruling in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). There, the Court decided the question of what constitutes a "burglary" under the Career Criminals Amendment Act, 18 U.S.C. § 922(g)(1), for the purpose of sentence enhancement.

The decision provides guidance in determining the scope of state-defined burglary in the context of federal sentencing.

In Taylor, the Court rejected the notion that the meaning of burglary under the Act should depend on the definition adopted by the particular state of conviction, since that would allow sentence enhancement for identical conduct in different states to turn upon whether the particular state happened to define the conduct as "burglary." Id. at 590–91, 110 S.Ct. at 2153–54. Rather, the Court adopted a "generic" definition of burglary that included two elements: unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime. Id. at 598, 110 S.Ct. at 2158.

The Court then considered the problem of applying this generic notion of burglary to a defendant convicted under a state burglary statute that defined the crime more broadly. The Court stated that if the conviction required a finding that the elements of generic burglary were satisfied, then enhancement would be warranted. However, if the conviction could have been returned without findings as to the generic elements, then no "burglary" was actually committed for the purpose of sentence enhancement under the Act. Id. at 602, 110 S.Ct. at 2160.

Like federal sentence enhancements under the Career Criminals Amendment Act, sentences under the Assimilative Crimes Act require courts to look to underlying state offenses when imposing federal sentences. Here, Tennessee's burglary statute defines the crime more broadly than the generic burglary discussed in Taylor. Specifically, § 39–14–402(a)(4) lacks the element of entering or remaining in a structure, as the vehicles broken into by defendants do not constitute structures.[5] Thus, just as the defen-

---

3. "Burglary of a Residence or a Structure Other than a Residence," § 2B2.1, has a base offense level of 17 for burglary of a residence and 12 for burglary of a non-residential structure.

4. "Larceny, Embezzlement, and Other Forms of Theft," § 2B1.1, has a base offense level of 4. It relates to a broad range of property crimes such as stealing property from a person, § 2B1.1(b)(3), embezzling funds from a financial institution, § 2B1.1(b)(7), and stealing motor vehicles, § 2B2.1(b)(6).

5. The defendants broke into a variety of sedans, pickup trucks, minivans, and sport-utility vehicles. None were campers or motor homes that could be considered dwellings. See United States v. Lavender, 602 F.2d 639 (4th Cir.1979).

dants' offense would not constitute burglary under the Career Criminals Amendment Act, *see Taylor*, 495 U.S. at 602, 110 S.Ct. at 2160, we do not believe that it constitutes burglary under the sentencing guidelines either.

Section 2B1.1, "Larceny, Embezzlement, and Other Forms of Theft," is the most analogous offense guideline. The text and commentary of the guideline make clear that it deals with the wrongful taking of another's property. *See* USSG Ch.2, Pt.B, intro. comment. Specifically with regard to motor vehicle crimes, § 2B1.1(b)(6) applies to "scheme[s] to steal vehicles or vehicle parts." Indeed, if the defendants were sentenced under the burglary guideline, their sentences for stealing from the vehicles would be more harsh than if they had actually stolen the vehicles themselves plus the contents. This absurd and anomalous result should be avoided.

Additionally, the theft guideline punishes the defendants for both aspects of their crime: the damage done to the automobiles during forced entry, and the value of the property stolen. *See* § 2B1.1 comment. n. 2. It uses the overall "loss" to the victim to determine the offense level of a defendant's criminal conduct.[6] Moreover, the government is free to seek an upward departure if the sentence based on the victims' loss does not reflect the seriousness of harm caused by the defendants' breaking into the victims' vehicles.

The burglary guideline, § 2B2.1, is aimed at crimes committed while unlawfully inside a dwelling or other structure. There is a higher base offense level because criminal activity that takes place in a dwelling or structure carries with it an increased risk of encountering innocent people and causing physical and psychological injuries. *See* § 2B2.1, comment. (backg'd.). Breaking into unoccupied vehicles does not invoke these concerns.

■ Finally, the District Court applied § 2B2.1 on the alternative ground that a statutory provision to which the guideline relates is analogous to defendants' offense. *See* USSG § 2B2.1, comment. The statute,

"Breaking or Entering Carrier Facilities," 18 U.S.C. § 2117, provides that

Whoever breaks the seal or lock of any railroad car, vessel, aircraft, motortruck, wagon or other vehicle or of any pipeline system, containing interstate or foreign shipments of freight ... with intent ... to commit larceny therein, shall be fined no more than $5,000 or imprisoned not more than 10 years, or both.

Since the statute prohibits breaking into "vehicle[s]" the court below found it analogous to defendants' offenses. We find this analogy unpersuasive.

The thrust of § 2117 is the protection of goods in interstate or foreign commerce that are locked in carrier facilities. Defendants here did not break into any carrier facilities, nor were they convicted of stealing any property that was in the stream of interstate or foreign commerce. Rather, defendants broke into parked, unoccupied private motor vehicles and stole personal property that was inside. This criminal conduct is most analogous to theft, not a violation of § 2117.

## IV.

■ Defendants should have been sentenced under the theft guideline, USSG § 2B1.1. Since the court's error in the selection of the most analogous guidelines resulted in defendant Couch receiving a harsher sentence than warranted under the appropriate guideline, we remand Couch's case for resentencing. However, in defendant Myers' case a remand is inappropriate because we find that, given the USSG § 5H1.4 downward departure, the sentencing error did not affect the selection of the sentence imposed. *See Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992).

## V.

For the foregoing reasons, the sentence of defendant Couch is VACATED, and his case is REMANDED for resentencing. The sen-

---

**6.** Loss means "the value of the property taken, damaged, or destroyed." USSG § 2B1.1, comment. n. 2; *See United States v. King*, 915 F.2d 269, 272 (6th Cir.1990).

tence of defendant Myers is hereby AFFIRMED.