NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0455n.06
Filed: June 29, 2006

**No. 05-5569/05-5697**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE MIDDLE** |
| JASON EDWARD ANDERSON, | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| Defendant-Appellant/Cross-Appellee. | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH, COLE, Circuit Judges. MILLS[1], District Judge.**

**PER CURIAM.** Defendant-Appellant Jason Anderson ("Anderson") was convicted pursuant to a guilty plea of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and interstate transportation of stolen goods in violation of 18 U.S.C. § 2314. He appeals the district court's sentence arguing that his sentence violated the *ex post facto* clause of the Fifth Amendment. The government cross-appeals the district court's failure to enhance and assess criminal history points to Anderson's sentence. For the following reasons, this Court **AFFIRMS** the district court's denial of Anderson's due process *ex post facto* claim and **AFFIRMS** Anderson's sentence.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] The Honorable Richard Mills, United States District Court for the Central District of Illinois, sitting by designation.

On April 1, 2004, Anderson was released from prison. Fourteen days later, Anderson stole a loaded Peterbilt tractor trailer from the Omelette House parking lot in Corinth, Mississippi. Shortly after stealing the tractor trailer, Anderson realized that the trailer was loaded. He drove the tractor trailer through several states into Tennessee. When he arrived in Tennessee, the tractor-trailer became disabled in a ditch where he abandoned the truck.

On April 17, 2004, Anderson was arrested in Tennessee. He was charged in a complaint filed April 19, 2004, and subsequently indicted May 5, 2004. The indictment charged him with interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and interstate transportation of a stolen good in violation of 18 U.S.C. § 2314. A subsequent government investigation revealed that the value of the tractor trailer was $100,000 and the value of the stolen goods was $166,000.

On December 8, 2004, Anderson entered an "open" plea to the two count indictment without a plea agreement. During the plea hearing, Anderson admitted that he committed the instant offense while he was on probation and less than two years after being released from prison. While he admitted that the value of the merchandise in the trailer exceeded $5,000, the government's witness testified that the value of the merchandise exceeded $200,000.

On March 31, 2005, the Presentence Investigation Report ("PSR") was filed with the district court. The PSR calculated Anderson's offense level at fifteen and his criminal history points at sixteen, which resulted in a criminal history category of VI. Based on his offense level and criminal history category, the Sentencing Guidelines recommended a range between forty-one and fifty-one months. Anderson filed a memorandum objecting to the PSR and to the imposition of a sentence

higher than twenty-four months. He also objected to the enhancements of his offense level based on *ex post facto* grounds and alleged that the sentencing enhancements were based upon facts not alleged in the indictment. Specifically, he argued that he did not admit to the government's alleged amount of loss of more than $200,000 in the indictment or at his plea hearing. Anderson also objected to the calculation of his criminal history in the PSR based on the additional points that were added for committing the offense while he was under a sentence of probation less than two years after his release from prison.

On March 14, 2005, the district court conducted a sentencing hearing. At the hearing, Anderson did not object to the government's introduction of documents to prove that the value of the stolen tractor trailer and goods exceeded $200,000. The district court sustained Anderson's objections to the additional offense level points for the value of the stolen property being more than $5,000. Thus, the district court refused to add twelve points to the base offense level and found that the offense level should be eight before the reduction for acceptance of responsibility. The district court also sustained Anderson's objection to the addition of three points to his criminal history for committing the offense while under a sentence of probation or parole and less than two years after his release from imprisonment. These facts reduced the criminal history points from sixteen to thirteen, but did not effect his overall criminal history category. The district court rejected Anderson's objection that the imposition of a sentence of more than twenty-four months violated the Fifth Amendment *ex post facto* clause.

In examining the 18 U.S.C. § 3553(a) factors, the district court chose to upwardly depart above the advisory United States Sentencing Guidelines ("Guidelines") range and articulated the

following reasons for its sentence: (1) to provide the maximum amount of drug and mental health treatment for the defendant; (2) this was a serious offense which Anderson had committed repeatedly; (3) Anderson was not in control of his behavior; (4) Anderson demonstrated a total inability to respect and follow the law; and (5) to deter and protect the public from Anderson committing further crimes.

The district court concluded that Anderson's offense level was six and his criminal history category was VI, which resulted in an advisory Guideline range of twelve to eighteen months. The district court, using § 3553(a) factors, departed upward and sentenced Anderson to thirty-six months followed by three years of supervised release.

On March 15, Anderson filed a timely Notice of Appeal with this Court. On April 15, the government filed a Notice of Appeal. The government filed a corrected Notice of Appeal on May 13, 2005.

## II.    ANALYSIS

### A.    DUE PROCESS AND *EX POST FACTO*

Anderson was sentenced on March 14, 2005, one month after the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Anderson claims that applying the remedial portion of *Booker*, violates the *ex post facto* clause of the Constitution because under *Booker* he will receive a longer maximum sentence. The *ex post facto* clause is implicated where a law punishes retrospectively. "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" *United States v. Davis*, 397 F.3d 340, 347 (6th Cir. 2005) (quoting *Miller v. Florida*, 482 U.S. 423, 433 (1987)). Anderson argues that this Court should

apply the mandatory Guidelines to his sentence, so that he will not receive a higher sentence under

the remedial *Booker* holding. The government contends that Anderson improperly seeks a sentence

that would comport with the Sixth Amendment requirements of *Booker,* but avoids the possibility

of a higher sentence under *Booker*'s remedial holding.

Recently, this Court in *United States v. Ediger*, 166 F.Appx. 218 (6th Cir. Feb. 14, 2006)

(unpublished) rejected a similar *ex post facto* argument. In *Ediger*, the defendant argued that

because he engaged in criminal activity before *Booker*, the district court's application of *Booker* to

his sentence violated his due process rights and the rule against *ex post facto* laws. This Court

summarily rejected *Edigar*'s argument stating that:

> [t]he Supreme Court also explicitly held that its decision would apply to *all* cases on
> direct review, cases where the defendants necessarily completed their criminal
> activities before *Booker* was decided. If *Booker* applies to the sentences of
> defendants who have already been sentenced (but whose cases are on direct appeal),
> it is undisputable that *Booker* must also apply to the sentences of defendants like
> Ediger who committed crimes before *Booker* but were sentenced after *Booker*.

*Id*. at 225 (emphasis added). Other circuits have rejected similar *ex post facto* claims. *See United*

*States v. Jamison*, 416 F.3d 538 (7th Cir. 2005); *United States v. Dupas*, 417 F.3d 1064 (9th Cir.

2005); *United States v. Lata*, 415 F.3d 107 (1st Cir. 2005); *United States v. Scroggins*, 411 F.3d 572

(5th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1306-07 (11th Cir. 2005); *United States*

*v. Lucania*, 397 F.Supp.2d 288 (E.D.N.Y. 2005) ("post-*Booker* courts have uniformly rejected this

argument"); *United States v. Green*, __ F.3d __, No. CR-2-01-072, 2005 WL 1460176 (S.D. Oh.

June 21, 2005)*; United States v. Null*, slip op., No. 04-253, 2005 WL 1527747 (E.D.Pa. June 28,

2005); *United States v. Gray*, 362 F.Supp.2d 714 (S.D.W.Va. 2005).

Anderson argues that he pled guilty based on the facts of his indictment without signing a plea agreement relying on the fact that he would be sentenced within a certain Guideline range. In *Booker*, the Supreme Court held that (1) the constitutional rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004), applies to the Guidelines; and (2) the Guidelines are no longer mandatory, but advisory. *Booker*, 543 U.S. at 220. The Supreme Court clearly instructed that both holdings should be applied to all cases on direct review. *Id*. at 268. This Court must apply both portions of the *Booker* holding, including the remedial portion, to Anderson's sentence which does not violate the *ex post facto* clause. Accordingly, we reject Anderson's argument that his sentence violates the *ex post facto* clause.

## B . REASONABLENESS OF SENTENCE

The government cross-appeals the district court's sentencing determination arguing that the district court erred when it calculated the amount of monetary loss attributable to Anderson's conduct and its failure to enhance his sentence for committing the crime less than two years after his release from prison. "When reviewing sentencing decisions, [this Court] review[s] the district court's factual findings for clear error, while reviewing the district court's conclusions of law *de novo*." *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). Where the district court applied advisory Guidelines, this Court reviews the selection of the sentence for reasonableness. *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005); *see also United States v. Davis*, 397 F.3d 340, 346 (6th Cir. 2005). When the district court properly calculates the sentence under the Guidelines, a rebuttable presumption attaches that the sentence length is reasonable. *United States v. Williams*, 436 F.3d 706, 707-08 (6th Cir. 2006).

Even if there was a sentencing error, the Court does not remand if it determines that the error

was harmless. *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). "Under the harmless

error test, a remand for an error at sentencing is required unless we are certain that any such error

was harmless–i.e. any such error 'did not affect the district court's selection of the sentence

imposed.'" *Id*. (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112 (1992)).

### 1. Amount of Loss Calculation

The government contends that the district court erred when it failed to enhance Anderson's

sentence based on the government's $266,000 amount of loss calculation. Before the sentencing

hearing, Anderson filed a memorandum challenging the amount of loss calculation alleging that the

amount of loss in the PSR was based upon facts he did not admit to in his plea and were not alleged

in the indictment. The amount of loss reflected in the indictment was only more than $5,000,

whereas the government alleged that the amount of loss was $266,000.

Under the United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(1)(G), an amount

of loss of more than $200,000 amount of loss results in a twelve level enhancement, which for

Anderson would have resulted in a Guideline range of forty-one to fifty-one months. Anderson's

admitted value of the stolen goods, $5,000, would only result in a two-point enhancement. During

the sentencing hearing, when evidence regarding the amount of loss was submitted, Anderson did

not object. The district court, however, sustained Anderson's objection to the amount of loss

calculation based on Anderson's objections in his sentencing memorandum.

The district court erred in sustaining Anderson's objection where it believed that it could not

enhance Anderson's sentence based on the government's proof as to the amount of loss. This Court

has stated that "*Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt or else the Sixth Amendment is violated." *United States v. Blood*, 435 F.3d 612, 630 (6th Cir. 2006). In *Booker*, the Supreme Court stated, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." 543 U.S. at 233.

This Circuit has followed *Booker* on numerous occasions stating that "*Booker* did not eliminate judicial-fact finding in sentencing in cases where a defendant plead[s] guilty." *United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005). The district court erred when it failed to increase Anderson's sentence because it believed that it violated the Sixth Amendment to engage in judicial fact finding to which Anderson did not admit. *See United States v. Davis*, 397 F.3d 340, 352 (6th Cir. 2005) (stating that *Booker* does not forbid all judicial fact-finding in sentencing. . . post-*Booker* judges may enhance sentences based upon facts not found by a jury, provided they do not consider themselves required to do so.") (citing *Booker*, 543 U.S. at 233).

Even though the district court erred in failing to recogize its authority to assess a higher amount of loss, this error was harmless because the district court's sentence is reasonable. In support of his argument, Anderson relies on *United States v. Couch*, 65 F.3d 542 (6th Cir. 1995). In *Couch*, the district court sentenced the defendant under the burglary instead of the theft Guidelines. This error resulted in a sentence that was too high, but the court departed downward.

This Court ultimately held that the error was harmless where the court chose to deviate from the improperly calculated Guideline range. *Id.*

In this case, the above $200,000 Guideline range would have resulted in the sentence range being calculated at forty-one to fifty-one months. Whereas the $5,000 amount, which Anderson admitted, resulted in a twelve to eighteen months sentencing range. The district court then departed upward to thirty-six months. Assuming the district court used the correct Guidelines range, the district court properly considered the § 3353(a) factors when sentencing Anderson which would place him a little below the $200,000 amount of loss sentencing range. The district court gave a detailed explanation for the thirty-six month sentence. In examining the sentence, thirty-six months does not significantly vary from the forty-one to fifty-one Guideline range to warrant reversal. Moreover, when sentencing him the district court used its superior knowledge of the specific facts of this case in evaluating the seriousness of the criminal offense. In particular, the court considered Anderson's repeat behavior, required drug treatment and the need to deter him from future conduct. Most importantly, this sentence does not create a great disparity amongst other defendants who commit similar crimes. Accordingly, the district court's error in failing to recognize its authority to apply the § 2B1.1(b)(1)(G) enhancement for the $200,000 amount was harmless.

### 2. Criminal History Points

The government also cross-appeals the district court's sentencing determination arguing that the district court failed to properly calculate Anderson's Guideline range. The government contends that Anderson's sentence was unreasonable because the district court should have assessed him an additional three criminal history points– sixteen instead of thirteen– because Anderson committed

the offense while he was on probation and less than two years after his release from prison for another crime. The government is correct that under the *Booker* advisory scheme the district court must properly calculate and consider the appropriate Guideline range. *United States v. Webb*, 403 F.3d 373, 384 (6th Cir. 2005) (stating that "a sentencing is unreasonable when the district judge fails to 'consider' the applicable Guidelines range"); *United States v. Forrest*, 402 F.3d 678 (6th Cir. 2005) (stating that "sentencing courts must still take the Guidelines into account and must construe the Guidelines properly in doing so"); *see also, United States v. Yagar*, 404 F.3d 967, 970 (6th Cir. 2005) (finding that the district court will need to consider the correct Guidelines-recommended sentence in fashioning its own post-*Booker* sentence on remand);*United States v. Trammel*, 404 F.3d 397, 403 (6th Cir. 2005) (same).

U.S.S.G. § 4A1.1(d) - (e) provides, in pertinent part, that a defendant's criminal history shall be enhanced "if the defendant committed the instant offense while under any criminal justice sentence, including probation," and/or "if the defendant committed the instant offense less than two years after release from imprisonment."

The district court should have added three points because Anderson committed the instant offense on April 14, 2004, while on probation and less than two years after his release from imprisonment on April 1, 2004. This error, however, was harmless because thirteen or more criminal-history points places a defendant in the highest criminal-history Category VI.[2] Thus,

---

[2]The government concedes in its brief that this error was harmless stating that "[w]hile the court's error was perhaps understandable, *and had no effect* on the ultimate determination of defendant's Criminal History Category which the district court determined to be Category VI" but the government still alleges that the case should be remanded. (Government's Brief at 31).

remanding to recalculate the criminal history category would have no effect on Anderson's sentence.

*See United States v. Ortiz*, 63 F.3d 952, 955 (10th Cir. 1995) (stating that because the defendant's

criminal history category remains the same, we do not need to resolve the criminal history dispute).

## IV.    CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the district court's denial of Anderson's due

process *ex post facto* claim and **AFFIRMS** Anderson's sentence.