NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0059n.06
Filed: January 24, 2007

No. 05-6753

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| CHRISTOPHER JORDAN WILSON, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF KENTUCKY |
|     Defendant-Appellant. | ) |

BEFORE:    KEITH, and CLAY, Circuit Judges; MAYS, District Judge.[*]

**KEITH, Circuit Judge.** Defendant, Christopher Jordan Wilson, appeals his sentence of 212 months following his guilty plea to possessing with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Because we find Wilson's sentence to be reasonable, we **AFFIRM** his sentence of 212 months.

**I.**

Wilson pled guilty to possessing with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On November 7, 2005, the district court found, without objection, Wilson responsible for 1370.1 grams of pure methamphetamine. The United States Sentencing Guidelines recommended a sentence between 262 to 327 months. The Government requested "at least 25 percent" downward departure pursuant to 5K1.1 of the Guidelines

_____

[*] The Honorable Samuel H. Mays, Jr., United States District Court for the Western District of Tennessee, sitting by designation.

due to Wilson's substantial assistance to the Government. (J.A. at 154-55). In light of his substantial assistance, the district court reduced Wilson's Guideline range to 125-235 months and eventually sentenced him to 212 months, which accounted for 18 months of time served. Wilson filed a timely notice of appeal.

On appeal, Wilson assigns two errors to his sentence. His first objection, insofar as it can be discerned from his briefs, is that "the sentencing court treated the Sentencing Guidelines as mandatory instead of advisory when the court did not reduce [his] sentence by 50 percent." (Appellant's Br. at 8). Second, Wilson submits that the district court "did not clearly communicate its rationale when sentencing [him] at the higher end of the guideline range." (Appellant's Br. at 10). Wilson's objections are discussed in turn.

## II.

"When reviewing sentencing decisions, [the Court] review[s] the district court's factual findings for clear error, while reviewing the district court's conclusion of law *de novo*." *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). "Where the district court applied advisory Guidelines, this Court reviews the selection of the sentence for reasonableness." *United States v. Anderson*, 187 F. App'x 517, 521 (6th Cir. 2006). A sentence that falls within the Guidelines' advisory range is afforded a "rebuttable presumption of reasonableness."[1] *United States v. Cage*, 458 F.3d 537, 541-44 (6th Cir. 2006). However, "[e]ven when selecting a presumptively

---

[1] It should be noted that, on October 13, 2006, this Court granted *en banc* review in *United States v. Vonner*, 452 F.3d 560 (6th Cir. 2006), and the Supreme Court will hear *United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754), to decide whether a sentence within the Guidelines may be presumed reasonable.

reasonable sentence within the Guidelines range, a district court must 'articulate[] its reasoning [under § 3553(a)] sufficiently to permit reasonable appellate review, specifying its reasons for selecting' the specific sentence within that range." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) (quoting *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006)) (second alteration in original).

### III.

Wilson's first objection — namely, that "the sentencing court treated the Guidelines as mandatory instead of advisory when the court did not reduce [his] sentence by 50 percent" (Appellant's Br. at 8) — is baseless. Foremost, neither Wilson nor the Government requested a 50 percent departure under § 5K1.1. The Government merely requested "at least a 25 percent" departure. It is true, as Wilson points out, that the Government did comment that it *would have* requested a 50 percent departure, but stated that "at this time, that's not available to us, but will be." (J.A. at 154-55). The record is not clear as to what the Government exactly intended by this language. In any case, contrary to Wilson's proposition, there is not a scintilla of evidence to indicate that the district court was inclined to grant a 50 percent departure but felt constrained from doing so. In fact, the district court explicitly noted that "it's the [c]ourt's discretion as to the level of departure[.]" (J.A. at 156). Moreover, even assuming the court felt constrained in granting Wilson's reduction under § 5K1.1, which is not supported by the record, Wilson neglects to explain how it analytically follows that the district court thereby treated the entire Guidelines as "mandatory."

Insofar as Wilson is merely objecting to the *extent* of his § 5K1.1 departure—as opposed to whether the district court felt constrained in granting this departure—it is black letter law that "the decision[] whether to depart and how much to depart are entirely committed to the district judge's discretion." *See United States v. Jones*, 417 F.3d 547, 550 (6th Cir. 2005). "[U]pon a § 5K1.1 motion by the government, the most the defendant and the government itself can do is recommend a particular sentence to the district court." *Id.* Therefore, this Court is without jurisdiction to hear such an objection. *See id.* at 551.

## IV.

Wilson's second error of assignment — namely, that the district court did not clearly communicate its rationale for selecting its sentence — is also without merit. Under post-*Booker*[1] Guidelines, this Court has repeatedly "emphasize[d] the obligation of the district court in each case to communicate clearly its rationale [under § 3553(a)] for imposing the specific sentence." *Richardson*, 437 F.3d at 554. "This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable." *Id.* However, "[t]here is no requirement that the district court . . . engage in a ritualistic incantation of the § 3553(a) factors it considers," *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (alterations in original) (internal quotation marks omitted), or that it formally "mention[] the magic words '§ 3553(a) factors,'" *United States v. Till*, 434 F.3d 880, 887 (6th Cir. 2006).

---

[1] *See United States v. Booker*, 543 U.S. 220 (2005).

Here, the district court was especially troubled by "the volume of drugs" attributed to Wilson, which amounted to 1370.1 grams of pure methamphetamine. But, the court also took note that "[Wilson] was one person that did come forward and acknowledge his responsibility in this case . . . nearly from the very beginning." (J.A. at 185). Wilson's history and characteristics were also accounted for, as well as his 18 months of time served. The court was also evidently concerned about Wilson's history of abusing drugs since it recommended that "he participate in the intensive drug education treatment program," as well as in a GED program, while incarcerated. (J.A. at 186). Therefore, we find that the record does not support Wilson's argument that "[t]he sentencing court did not clearly communicate its rationale when sentencing Wilson[,]" (Appellant's Br. at 10), but instead demonstrates that the district court sufficiently communicated its rationale pursuant to § 3553(a).

## V.

Accordingly, because the district court proffered sufficient reasons for sentencing Wilson near the higher end of the Guideline range and because his sentence falls within the Guideline range, we must afford, under this Circuit's law, Wilson's sentence a presumption of reasonableness, which he has not rebutted. We, therefore, **AFFIRM** Wilson's sentence of 212 months.