**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Jordan WILSON,
Defendant–Appellant.**

No. 15–5790

United States Court of Appeals,
Sixth Circuit.

FILED June 09, 2016

Charles P. Wisdom, Jr., Assistant U.S. Attorney, John Patrick Grant, Assistant U.S. Attorney, Office of the U.S. Attorney, Lexington, KY, for Plaintiff–Appellee.

Robin Catherine May, Law Office, Lexington, KY, for Defendant–Appellant.

BEFORE: GIBBONS, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM.

In 2004, federal prisoner Christopher Wilson pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court granted the government's mo-

tion for a downward departure for Wilson's substantial assistance and sentenced him to 212 months of imprisonment. *United States v. Wilson*, 214 Fed.Appx. 578, 579 (6th Cir. 2007). We affirmed his sentence on appeal. *Id.*

In 2015, Wilson filed a motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels in the drug quantity table. *See* 18 U.S.C. § 3582(c)(2). The district court denied the reduction as unwarranted based on Wilson's criminal conduct in the instant offense, extensive criminal history, and the need for specific deterrence. The court noted that "a shorter term of imprisonment would not likely deter Wilson from returning to criminal activity in the future. . . . Any further reduction [beyond the reduction for substantial assistance] would unduly diminish the seriousness of Wilson's criminal conduct and would fail to satisfy the remaining [18 U.S.C. § 3553(a)] factors." In its order denying Wilson's motion, the district court considered "the [3553(a)] factors, including the seriousness of the criminal conduct, the defendant's personal history and characteristics, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Wilson."

Three months later, Wilson filed a second motion for a sentence reduction, this time attaching evidence that he received his General Education Diploma and various vocational certificates while incarcerated. After noting these achievements and expressly taking them into consideration, the district court nonetheless denied Wilson's second motion for the reasons set out in the court's prior order. Wilson appeals.

We review for abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). A district court abuses its discretion when it relies on clearly erroneous factual findings, improperly applies the law, uses an erroneous legal standard, or, in rare circumstances, when it fails to adequately explain its decision. *United States v. Howard*, 644 F.3d 455, 458–59, 461 (6th Cir. 2011). "The decision whether to grant an authorized sentence reduction is discretionary." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010). In this case, the parties do not dispute whether Wilson was eligible for a modification, only whether the district court abused its discretion.

While we genuinely commend Wilson's efforts to advance his education and employment, including the successful completion of a culinary arts certificate and becoming a sous chef, we cannot conclude that the district court abused its discretion in denying Wilson a further reduced sentence. The district court properly considered the relevant statutory factors, and, even though it was not required to do so, also considered Wilson's post-sentencing conduct. *See id.* (citing U.S.S.G. § 1B1.10 cmt. n.1(B)(i)–(iii)). Moreover, the court specifically explained the reasons for its denial, highlighting in particular Wilson's conduct in the instant offense, extensive criminal history, and the need for specific deterrence. Accordingly, the district court did not abuse its discretion.

We affirm the district court's judgment.