NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0691n.06

No. 16-1329

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 20, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICHARD JULIUS DONALDSON,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

BEFORE:    DAUGHTREY, CLAY, and COOK, Circuit Judges.

**CLAY, Circuit Judge.** Defendant, Richard Donaldson, petitioned the district court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was granted on March 7, 2016. Donaldson now appeals, arguing that the district court abused its discretion when it elected to reduce his sentence to 151 months rather than his requested term of 101 months. For the reasons that follow, we **AFFIRM** the district court's sentence.

## BACKGROUND

On December 17, 2012, Richard Donaldson agreed to plead guilty to the charge of conspiracy to possess with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Based on Donaldson's baseline offense level, criminal history, and other extenuating circumstances, the probation officer calculated a guideline range of 292 to 365 months; but because this guideline range exceeded the statutory

maximum of twenty years for the underlying offense, the probation officer issued a presentence report recommending a prison sentence of 240 months. Prior to sentencing, the government moved for a twelve month reduction based upon Donaldson's substantial assistance, which was granted by the district court. Consequently, Donaldson's initial sentence was 228 months.

On November 6, 2015, the government moved for an additional seventy-two month reduction to Donaldson's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, citing further substantial assistance on his part. The district court also granted this motion and lowered Donaldson's sentence to 156 months.

During Donaldson's term of incarceration, the United States Sentencing Commission in November 2014 retroactively amended USSG § 2D1.1(c), which specifies offense levels for drug quantities. U.S. Sentencing Guidelines Manual, Supplement to Appendix C, Amendment 782 (2014). Donaldson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782. On January 4, 2016, the United States Probation Office filed a Sentence Modification Report for Donaldson affirming his eligibility for the sentence modification and recommended granting his motion. The report specified that as a consequence of Amendment 782, his initial guideline range should have been set at 235 to 240 months. Assuming a sentence at the low end of the guideline range, the probation officer proceeded to credit all of Donaldson's reductions for substantial assistance, and proposed a new sentence of 151 months. Unsatisfied with this proposed outcome, Donaldson filed a response requesting a reduction of his sentence to 101 months. The district court considered the recommendation and Donaldson's argument and ultimately decided to accept the sentence proposed by the probation officer and only lower Donaldson's sentence to 151 months. On March 18, 2016 Donaldson filed a timely notice of appeal.

## DISCUSSION

### Standard of Review

This Court reviews determinations granting or denying a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Wilson*, 651 F. App'x 489, 490 (6th Cir. 2016) (per curiam); *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). A district court abuses its discretion when it relies on clearly erroneous factual findings, improperly applies the law, uses an erroneous legal standard, or, in rare circumstances, when it fails to adequately explain its decision. *United States v. Howard*, 644 F.3d 455, 458–59 (6th Cir. 2011).

### Analysis

Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute. *United States v. Houston,* 529 F.3d 743, 748 (6th Cir. 2008). Section 3582(c)(2) expressly allows a reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission, however, must first incorporate an amendment to a guideline sentencing range into its policy statement, found at U.S. Sentencing Guidelines § 1B1.10, before a court may reduce a term of imprisonment based on that new guideline range. In the present case, the U.S. Sentencing Commission has amended the sentencing guidelines to reduce the base offense level related to § 2D1.1(c) of the Guidelines though Amendment 782. Neither party disputes that Donaldson is eligible for a reduction under Amendment 782. Therefore, the only issue we must decide on appeal concerns whether or not

the district court abused its discretion during the course of calculating Donaldson's new sentence.

The U.S. Sentencing Commission has expressed that an amendment to the Guidelines "seeks to isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence." *Freeman v. United States*, 564 U.S. 522, 530 (2011). Therefore, as we previously held, when modifying a sentence, "a court should substitute only the retroactive amendment and leave all original guideline determinations in place." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (per curiam). "The Commission has [further] instructed that, in determining whether and to what extent a defendant should receive an authorized sentence reduction, the district court *must* consider the § 3553(a) factors to the extent that they are applicable; *must* consider the impact on public safety; and *may* consider the defendant's post-sentencing conduct." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (emphasis added). Normally, pursuant to 18 U.S.C. § 3582, a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range. USSG § 1B1.10(b)(2)(A); *Washington*, 584 F.3d at 701. However, an exception exists for defendants who receive a sentence reduction based on substantial assistance. USSG § 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion . . . a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection *may* be appropriate") (emphasis added). As noted by the commentary to the guidelines, "the sentencing court has the discretion to determine whether, *and to what extent*, to reduce a term of imprisonment under this section." *See* USSG § 1B1.10, cmt. n.3 (emphasis added).

The district court reduced Donaldson's base offense level from thirty-two to thirty, while preserving every other original guideline determination. The court concluded that a new guideline range of 235 to 240 months was appropriate and decided—in its discretion, which it was not obligated to exercise—to set Donaldson's sentence at the minimum of the range. After crediting Donaldson's substantial assistance and reducing his sentence by the same eighty-four months by which his original sentence was reduced, the district court set his new sentence at 151 months. Donaldson's new sentence is now five months shorter than his previous sentence. Nonetheless, Donaldson argues that he is entitled to an additional reduction that lowers his sentence to 101 months. The basis for such an assertion is unclear. Donaldson appears to argue that his initial baseline sentence was inappropriately calculated because it failed to properly account for his cooperation with the government. To the extent we understand his argument to be that his substantial assistance should have been factored into a reduction of his baseline offense level rather than as a reduction to his actual sentence pursuant to the government's Rule 35 motion and request for a reduction, such an argument is foreclosed to him on appeal.[1]

A district court does not have the ability, in considering a defendant's motion for a reduction pursuant to an amendment in the guidelines, to alter the original sentence in any manner except by substituting the retroactive amendment and keeping all original guidelines determinations in place. *See Hammond*, 712 F.3d at 335. In the present case, Donaldson requests something the district court lacks the authority to accomplish. And because we see nothing

---

[1] Donaldson filed a supplemental brief arguing that the language of § USSG 1B1.10 requires the district court to apply a methodology that achieves a fundamentally unfair result in his case. He cites no case law for this proposition. Nor does he articulate a sufficient reason why this Court should reject the policies expressed in the Guidelines, aside from the fact that his sentence would be shorter under a different methodology.

otherwise improper in the manner by which the district court calculated Donaldson's sentence, we conclude that the district court did not abuse its discretion.[2]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[2] In the last paragraph of his brief, Donaldson raises a final argument, stating that the guidelines provide that a district court should consider the nature and seriousness of the danger to any person or the community that may be imposed by a reduction, and may consider the post-sentencing conduct of the defendant. Donaldson offers nothing further by way of his brief that explains his argument. Accordingly, we deem any such argument waived. *See Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal citations and quotations are omitted).