NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0013n.06

No. 09-3049

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 06, 2011
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| VIRGIL STONE, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  KENNEDY, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Virgil Stone was convicted of conspiring to possess with intent to distribute 520 kilograms of cocaine and 492 kilograms of crack.  After the government moved for a Rule 35(b) reduction recognizing Stone's cooperation, he was sentenced to 293 months' imprisonment.  Several years later, the Sentencing Commission retroactively reduced the base offense levels for certain crack offenses.  Stone then moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  The district court denied the motion, concluding that Stone was ineligible for a reduction.

Stone now argues that the district court erred because it treated Sentencing Guideline § 1B1.10, which governs eligibility for modification, as mandatory rather than discretionary.  The Supreme Court rejected that argument in *Dillon v. United States*, 130 S. Ct. 2683 (2010), holding

that the Sixth Amendment does not require courts to treat the Guidelines as merely advisory in sentence-modification proceedings. *See id.* at 2692. Consequently, Stone was ineligible for a reduction if the Commission's amendments did not lower his applicable guideline range. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

The amendments did not lower Stone's range. Stone's conviction involved more than 4.5 kilograms of crack—an offense for which the Commission did not reduce the recommended range. Thus, the district court correctly concluded that Stone was ineligible for a sentence reduction. *See United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010).

We affirm the district court's order denying Stone's § 3582(c)(2) motion.