**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0021n.06

**No. 09-1691**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SHANTAE M. JONES, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
**Jan 10, 2011**
LEONARD GREEN, Clerk

Before:  BATCHELDER, MARTIN and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Shantae Jones appeals a judgment rejecting his request to lower his sentence under § 3582(c)(2).  We affirm.

I.

In August 2001, a jury convicted Jones for possessing a firearm with an obliterated serial number and for possessing with intent to distribute at least 50 grams of crack cocaine.  Noting that police found 220.1 grams of cocaine at Jones' residence, the presentence report gave a base offense level of 34 for the drug charge—Jones possessed at least 150 grams of crack cocaine—then added 2 points for possession of a firearm.  An offense level of 36 and a criminal history category of I yielded a guidelines range of 188 to 235 months.  The district court sentenced Jones to 188 months.

In August 2004, Jones filed a § 2255 motion to vacate his sentence on a variety of grounds, including that the court sentenced him based on possession of 220.1 grams of crack cocaine even though the jury found him guilty of possessing just 50 to 150 grams. The district court denied the § 2255 motion, and Jones did not receive a certificate of appealability.

In March 2008, Jones filed a § 3582(c)(2) motion to reduce his sentence based on amendments to the crack-cocaine guidelines. The probation office submitted a report, stating that the new guidelines range, after application of the crack-cocaine amendments, was 151 to 188 months. The report refuted Jones' claims of post-sentencing rehabilitation, noting that Jones had received 14 misconducts, "most involving insolence, threatening behavior or refusing to obey staff orders," as well as one for assault. § 1B1.10 Report at 2. It then recommended that the court not reduce Jones' sentence. The government recommended denying a reduction or granting only a "modest" one.

In a single order, Jones' case was reassigned from the original judge (since retired) to a new judge, then reassigned to another judge. A magistrate judge appointed Joan Morgan to represent Jones in his § 3582 proceedings. Jones filed a "motion for conflict free representations" based on various complaints he had had with Morgan when she represented him in his § 2255 proceeding. R.159. Jones stated that he wanted to proceed pro se.

In May 2009, the district court held a hearing, and Jones participated via video conference. The court confirmed that Jones wished to represent himself and told him that Morgan would stay in

the courtroom to answer any questions he might have. The court agreed that a new guidelines range (151 to 188 months) should apply to Jones, but it then sentenced Jones to the same 188-month sentence, now at the top of the guidelines range, relying in part on his post-sentencing misconduct. The court also noted that it had no jurisdiction to hear Jones' *Apprendi* challenge and granted Jones' request to represent himself on appeal.

## II.

On appeal, Jones first maintains that the court incorrectly calculated his guidelines range based on facts not proven beyond a reasonable doubt by a jury. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). Not so. Section 3582(c)(2) says that any sentence reduction must be "consistent with applicable policy statements." The relevant statement provides that § 3582(c)(2) hearings "do not constitute a full resentencing of the defendant" and that the district court "shall substitute only the [crack-cocaine amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(a)(3), (b)(1). Because the crack-cocaine amendments did not affect the "aspects of his sentence" that Jones "seeks to correct" (namely, the quantity of drugs found), his *Apprendi* argument is "outside the scope of the proceeding authorized by § 3582(c)(2)." *Dillon v. United States*, __ U.S. __, 130 S. Ct. 2683, 2694 (2010).

Jones next argues that his case was "illegally placed into the hands of 5 different District Court Judges" in violation of the Constitution. Jones' Initial Br. i. The factual premise of this

argument is overstated. One district court judge presided over Jones' trial, sentence and § 2255 motion, then left the bench for health-related reasons. A second district court judge presided over Jones' § 3582(c)(2) resentencing. No other district judges worked on Jones' case. Jones apparently thought otherwise based on the two magistrates who worked on the case and the third district judge who was assigned the case via the same order reassigning it to the district judge who handled the resentencing. There is nothing remotely improper about this sequence of events, much less anything that rises to the kind of "fundamental unfairness" that violates due process. *See United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004).

Jones next argues that the district court abused its discretion in imposing another 188-month sentence. To the extent he means to challenge the substantive reasonableness of the sentence under *Booker*, we lack jurisdiction over the argument. *See United States v. Bowers*, 615 F.3d 715, 725, 727–28 (6th Cir. 2010).

To the extent he means to argue that the court abused its discretion by relying on Jones' post-sentencing conduct, he is wrong. Courts are allowed to consider such conduct in § 3582(c)(2) hearings. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii); *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

To the extent he means to argue that the court did not properly consider the § 3553(a) factors, he is also wrong. In *United States v. Curry*, 606 F.3d 323 (6th Cir. 2010), the defendant originally received a below-guidelines sentence of 75 months. *Id.* at 325. After the defendant filed a

§ 3583(c)(2) motion, the probation office calculated a new guidelines range (70 to 87 months) but did not recommend any further reduction. *Id.* at 326. In a "very succinct order," issued without a hearing, the district judge declined to reduce Curry's sentence. *Id.* On appeal, we held that the district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors, noting that § 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant" and do not require the same procedural formalities as plenary sentencings. *Id.* at 330–31; *see also Dillon*, 130 S. Ct. at 2691; *United States v. Holland*, No. 09-1763, 2010 WL 3245535, at *2 (6th Cir. Aug. 13, 2010).

As in *Curry*, Jones' record before the resentencing judge was "amply developed before the resentencing motion at issue." 606 F.3d at 331; *see also Watkins*, 625 F.3d at 281. Jones also had the added benefit of a hearing, where the judge stated that he had reviewed the original presentence report and the more recent § 1B1.10 report and that he had "take[n] into consideration" relevant factors such as "punishment, deterrence, [and] rehabilitation." R.178 at 10–11. The resentencing court then provided ample justification for its within-guidelines sentence when it relied on Jones' 14 misconduct violations in prison.

Jones does not point to any sentencing factors that the court failed to consider, save for his complaint that the court should have recognized that, during his time in prison, he has taken various classes and received some training certificates. But we cannot fault the court for discounting these efforts in light of Jones' serious misconduct violations.

In his reply brief, Jones adds (as best we can discern) several new arguments: (1) that his new sentence is unreasonable and that the guidelines must be treated as advisory; (2) that the court improperly considered rehabilitation as a factor; (3) that the court acted "vindictively" in sentencing him; (4) that the court violated his Sixth Amendment right to represent himself; and (5) that he never received notice of his hearing date. Because several of these arguments were not raised below and because all of them appear for the first time on appeal in his reply brief, they are forfeited. *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.2 (6th Cir. 2010). The arguments, as it turns out, also are meritless, and we will briefly explain why for purposes of completeness.

One, precedent forecloses his first argument. *See Dillon*, 130 S. Ct. at 2692–93; *Watkins*, 625 F.3d at 282; *Bowers*, 615 F.3d at 723 n.6.

Two, the court did not improperly consider rehabilitation. Although § 3582(a) prohibits considering rehabilitative goals in deciding whether or not to impose imprisonment, *see United States v. Jackson*, 70 F.3d 874, 879–80 (6th Cir. 1995), the court did no such thing. It stated generally that it would consider "rehabilitation," R.178 at 11, then said, "Hopefully you will start some counseling programs for rehabilitation. Hopefully you will do some educational things . . . ." R.178 at 11. It did not rely on rehabilitation as a reason to impose a longer prison term. The court simply stated its hope that Jones will get his act together.

Three, the district court did not act vindictively by imposing the same sentence it originally imposed. In the absence of a *longer* sentence imposed at resentencing, *see North Carolina v. Pearce*,

395 U.S. 711, 725–26 (1969), Jones bore the burden of "showing actual vindictiveness through the presentation of direct evidence," *United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002).  Yet he made no effort to show any such thing.  Plainly, this was a case in which Jones' misconduct violations made the court skeptical about lowering his sentence, a development that says little about the court's attitude toward the defendant and much about the defendant's inability (thus far) to improve his lot.

Four, the court did not violate Jones' Sixth Amendment right to represent himself, *Faretta v. California*, 422 U.S. 806 (1975), when it appointed Morgan as stand-by counsel for his § 3582(c) proceeding.  Morgan filed only one document during Jones' § 3582(c) proceeding, which was a notice that she would not file any more motions or stipulations with the court.  Jones, by contrast, filed numerous pleadings with the district court, fully vindicating his right to represent himself.  At the § 3582(c) hearing, Morgan made no arguments on Jones' behalf and simply remained in the courtroom to answer any of Jones' questions.  The court confirmed at the outset that Jones wanted to represent himself and allowed him to make arguments during the hearing.  Because Jones was allowed to "address the court freely on his own behalf" and file multiple motions, no Sixth Amendment violation occurred. *McKaskle v. Wiggins*, 465 U.S. 168, 179 (1984); *see United States v. Jones*, 489 F.3d 243, 248–49 (6th Cir. 2007).

Five, Jones argues that he was "ambushed" at the hearing because the court sent the hearing notice to Morgan instead of him, violating his due process rights.  The government does not need to prove that "mail actually reached an inmate in order to satisfy requirements of due process," as

long as notice was "reasonably calculated, under all the circumstances, to apprise him of the pendency of the action and afford him an opportunity to present his objections." *United States v. Dusenbery*, 223 F.3d 422, 424 (6th Cir. 2000). The court mailed a notice of the hearing to Morgan, Jones' counsel of record at the time, and to prison staff. That plainly meets this standard.

III.

For these reasons, we affirm.