**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-6244

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

OMAR SHEREE JACKSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:06-cr-00158-JRS-1)

Argued: September 23, 2010          Decided: February 4, 2011

Before GREGORY and AGEE, Circuit Judges, and Richard L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.  Judge Gregory wrote a dissenting opinion.

**ARGUED:** Mary E. Maguire, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.
**ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Alexandria, Virginia, Olivia N. Hawkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant-Defendant Omar Sheree Jackson appeals the district court's denial of a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon retroactive application of Amendment 706 to the United States Sentencing Guidelines, which altered the drug quantity table set forth in U.S.S.G. § 2D1.1 to effectively lower the base offense level for offenses involving crack cocaine by two levels. Jackson argues on appeal that the district court's failure to articulate his rationale in greater detail amounts to an abuse of discretion. Defendant advocates for remand to the district court for further explanation. For the reasons stated herein, we affirm the district court.

I.

Jackson entered a straight-up guilty plea to the single offense charged in the Bill of Indictment, namely, a violation of 21 U.S.C. § 841. The Indictment alleged that Defendant was responsible for possession with intent to distribute five (5) grams or more of cocaine base.

Jackson's sentencing hearing was held on November 1, 2006. Defendant unsuccessfully moved for a downward variance based upon the disparity between the crack cocaine and cocaine powder guidelines. (J.A. 69) Jackson was sentenced to 104 months

3

imprisonment, which fell within the then-applicable advisory sentencing guideline range of 92 to 115 months. (J.A. 4, 9, 70)

As a result of Amendment 706, Jackson sought a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The Government conceded Jackson's eligibility for relief but opposed Jackson's motion on multiple grounds. (JA 23-29) The district court denied relief and explained:

> "In reaching its conclusion, the Court has considered the factors set forth in 18 U.S.C. § 3553(a) and United States Sentencing Guidelines § 1B1.10 cmt. application n. 1 (B), including public safety considerations and post-sentencing conduct."

(JA 31)

Jackson filed a timely appeal. Our jurisdiction arises out of 18 U.S.C. § 3742. See United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000) (appeals of § 3582 (c)(2) rulings are governed by 18 U.S.C. § 3742(a)(1)); United States v. Bowers, 615 F.3d 715, 722-23 (6th Cir. 2010).

II.

The district court's decision denying Defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a sentence reduction is reviewed for an abuse of discretion. See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004).

4

III.

In this case, we are asked to determine whether the district court abused its discretion in finding that the Defendant was not entitled to a reduction of sentence according to the factors set forth in 18 U.S.C. § 3553(a) and other relevant law. Jackson contends that meaningful appellate review is impossible given the "sparse record" and the district court's "abbreviated order." Accordingly, we first consider generally the requisite level of explanation required to justify the denial of a Section 3582 motion.

Section 3582(c)(2), which supplies the statutory authority for the relief sought here, establishes an *exception* to the general rule of finality that governs criminal judgments of conviction. See Dillon v. United States, 130 S. Ct. 2683, 2690 (2010); 18 U.S.C. § 3582(b). Accordingly, we emphasize that proceedings to modify sentence under Section 3582 are limited in nature and, therefore, are not intended to be full resentencings. As the Supreme Court recently explained in Dillon, "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 130 S. Ct. at 2691. Like Section 3582, U.S.S.G. § 1B1.10(a)(3) expressly identifies the same limitation, namely, that proceedings under 18 U.S.C.

5

§ 3582(c)(2) and this policy statement do <u>not</u> constitute a full resentencing of the defendant. U.S.S.G. § 1B1.10(a)(3).  In addition, as <u>Dillon</u> makes clear, Section 3582(c)(2) proceedings "do not implicate the interests identified in <u>Booker</u>," because <u>Booker</u> involved application of the guidelines at an original sentencing. <u>Dillon</u>, 130 S. Ct. at 2692; <u>Bowers</u>, 615 F.3d at 727.

As a result, our Section 3582(c)(2) analysis is limited to this two-step inquiry: "A court must first determine that a reduction is consistent with [§]1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."[1] <u>Dillon</u>, 130 S. Ct. at 2691.

---

[1] Under 18 U.S.C. § 3553(a), "[t]he court, in determining the particular sentence to be imposed, shall consider –
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed –
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available
    (4) the kind of sentence and the sentencing range established for –
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
    (5) any pertinent policy statement –
(Continued)

6

Prior to Dillon, we held in United States v. Legree, that in deciding a Section 3582(c)(2) motion, Section 1B1.10(b) of the Sentencing Guidelines does not require the district court to engage in this prescribed two-pronged analysis on the record. See Legree, 205 F.3d at 728-30 (affirming denial of § 3582(c)(2) motion for sentence reduction based upon U.S.S.G., Am. 505). We also held that due process does not require appointment of counsel beyond direct appeal or an evidentiary hearing as "[a] motion pursuant to [§]3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." Legree, 205 F.3d at 728-29. We further held that under certain circumstances, a presumption existed that the sentencing judge considered all pertinent matters in denying relief. Id. We stated:

> "A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if … the district

(A) issued by the Sentencing Commission . . . subject to any amendments made to     such policy statement by act of Congress . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

7

> court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling."

_Legree_, 205 F.3d at 728-29 (quoting _United States v. Davis_, 53 F.3d 638, 642 (4th Cir. 1995)). More specifically, where the motion and legal issues are adequately presented, and absent a contrary indication, we are to _presume_ that the district court considered all pertinent matters in arriving at a decision.[2] _Id_.

Our decision in _Legree_ remains good law as we discern nothing from our reading of _Dillon_ to cast doubt upon the reasoning adopted in _Legree_. In sum, due to the limited nature of the proceedings, Section 3582 determinations are not subject to the same kind of scrutiny as imposition of an original sentence. _Dillon_, 130 S. Ct. at 2691-93; _United States v. Dunphy_, 551 F.3d 247, 252-53 (4th Cir. 2009) (_Booker_ had no direct effect on § 3582(c)(2)); _Legree_, 205 F.3d at 729; _see also United States v. Watkins_, ___ F.3d ___, 2010 WL 4321570, *3 (6th Cir. 2010)("Section 3582(c)(2) proceedings are not full resentencings, and we do not require the district court to articulate its analysis of each sentencing factor as long as the

---

[2] The legal issues may be deemed adequately presented where the district judge is fully aware of and familiar with the record and the Defendant, where the sentencing judge also presided over the jury trial, and where some of the same factual and legal issues were presented at the time of original sentencing. _Legree_, 205 F.3d at 729.

record demonstrates that the court considered the relevant factors.")(citing United States v. Curry, 606 F.3d 323, 327 (6th Cir. 2010)).

IV.

We conclude that the district court's explanation comports with our holding in Legree. Here, the judge exercising discretion under Section 3582(c)(2) presided over Jackson's original sentencing (post-Booker) and, thus, entertained written and oral arguments made by both the prosecution and defense concerning the § 3553(a) factors and an appropriate sentence. Indeed, just two (2) years earlier, this same trial judge was confronted with the crack cocaine – powder disparity argument during the original sentencing yet, after considering the § 3553(a) factors, he declined to vary the sentence downward from the low end of the guidelines. Instead, the judge imposed a sentence twelve (12) months greater than the low end of the advisory guideline range. This exercise of discretion demonstrates that the district court was intimately familiar with Jackson's case.

In addition, the issues relevant to Jackson's post-conviction motion were adequately presented to the district court. In resolving Jackson's § 3582 motion, the court directed the Probation Office 1) to re-calculate the defendant's

9

sentencing range under the Guidelines, as amended; and 2) to provide a copy of that re-calculated range, as well as the defendant's original pre-sentence report and worksheets, to the Court, the United States Attorney's Office, and the Office of the Federal Public Defender.  (JA 14) Similarly, upon receipt of defendant's motion, the court required the Government to file a written response to Jackson's motion.  Consistent with the Policy Statement and relevant statutory criteria, the Government was specifically asked to address any "educational or vocational training" or "treatment for substance abuse or physical or mental health" that Jackson may have received in prison, as well as Jackson's "conduct after sentencing, including his compliance with the rules of the institution(s) in which he has been incarcerated" and "[a]ny relevant considerations of public safety." (JA 19-20) In other words, the district court sought to marshal the relevant information and provide the parties with an opportunity to present their respective factual and legal arguments.

Jackson's Section 3582(c)(2) motion emphasized adjustment to incarceration and highlighted various programs Jackson had

participated in and successfully completed.[3]    The Government's

opposition identified the following areas of concern:

> (a)Defendant's noncompliance has continued while incarcerated; (b) he poses a significant public safety threat; and (c) this Court found a sentence at the low end of the then-applicable advisory guideline range insufficient, and a sentence within an even lower guideline range would fail to address the factors listed in 18 U.S.C. § 3553.

(JA 25) In its filing, the Government described a lengthy

history of substance abuse, aggressive and violent behavior, and

criminal activity involving the possession and use of firearms.[4]

(JA 38-52, 46-47, 66-71 / PSR ¶¶22,23,27,38,47) On this record -

anything but sparse - we find that the issues were adequately

presented to the district court.

---

[3]  Jackson participated in and completed: (1) a drug awareness program; (2) a coping with anxiety program; and (3) an anger management class. (JA 22) Jackson was also a regular participant in the prison's walking and running club.  (Id.) Jackson suggests that, at minimum, the district court should have addressed Defendant's accomplishments since being incarcerated and explained why his post-sentencing efforts towards rehabilitation were not entitled to more weight.

[4] In December 2000, Jackson was convicted in federal court of illegal possession of an AK-47 assault rifle with a loaded 30-round magazine.  (JA 46-47) Jackson was on supervised release for his federal firearms offense when charged in this case. While on supervised release, Jackson tested positive for the presence of illegal controlled substances on three (3) different occasions. (JA 47) The underlying facts of the instant federal conviction are likewise troubling in that, at the time of arrest, Jackson was uncooperative, in possession of a .40 caliber handgun, and had admitted to recent marijuana use. (JA 27, 46-47)

11

Accordingly, in the absence of any contrary indication, we may presume that the district court considered all of the materials before it in rendering a decision. The district court expressly noted its consideration of "Jackson's Motion, the United States' Response, and the United States Probation Office's Report." (JA 31) Likewise, the district judge affirmatively stated that the Section 3553(a) factors and Section 1B1.10 criteria, including public safety considerations and post-sentencing conduct, were considered. (Id.) Because no contrary indication exists, we conclude that the presumption adopted in Legree applies here as well. Therefore, the district court's failure to identify expressly which of the various bases asserted by the Government may have been deemed determinative with respect to this individual case is no cause for remand.[5]

V.

Finally, Jackson suggests it was improper for the district court to consider conduct of the Defendant that occurred prior

---

[5] The district court determined at the original sentencing that Jackson's advisory guidelines sentence adequately addressed the § 3553(a) factors and, therefore, was "sufficient but not greater than necessary" to fulfill the statute's sentencing purposes despite the crack cocaine – powder disparity. See 18 U.S.C. § 3553(a). The same analysis is implicit in the denial of Jackson's § 3582(c)(2) motion.

to the underlying federal offense in electing to deny § 3582 relief. In effect, Jackson asks the court to *limit* its consideration to post-sentencing conduct and his overall adjustment to incarceration. Under U.S.S.G. § 1B1.10, in evaluating whether to authorize a reduction of sentence pursuant to 18 U.S.C. § 3582 based upon a retroactive amendment to the guidelines, a district court *must* ("shall") consider both the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment ...." U.S.S.G. § 1B1.10(b), cmt. n.1 (B)(ii) (public safety consideration). In addition, the court "*may* consider the post-sentencing conduct of the defendant." Id., cmt.n.1(B)(iii). There is no language within Section 3582 that expressly restricts the information the court may consider in reaching its discretionary decision.[6] Therefore, we do not construe the applicable authorities as preclusive in any way. That is, the court is not precluded from relying on any particular information within the record merely because certain other matters are expressly identified as relevant.

---

[6] Section 1B1.10(a)(1) makes clear that the district court is faced with a discretionary decision to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

13

VI.

We do not find any abuse of discretion as the record, in its entirety, more than adequately justifies the district court's decision not to reduce Jackson's sentence. For these reasons, we affirm the district court's denial of Defendant's Section 3582 motion for reduction of sentence.

<u>AFFIRMED</u>

GREGORY, Circuit Judge, dissenting:

For the reasons I articulated in United States v. Robinson, __ F.3d __ (4th Cir. 2011), I dissent. Here as in there, I believe courts' general duty to explain their reasoning applies to this case, is supported by case law and statute, and enhances appellate review. Unlike the majority, I would not "presume that the district court considered all of the materials before it in rendering a decision." Slip op. at 12. Nor do I find much comfort in the fact that the resentencing judge here also presided over the original jury trial and sentencing. Slip op. at 8 n.2.

Rather, I would continue to find that a judge "must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall v. United States, 552 U.S. 38, 46 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citations omitted). Requiring courts to provide at least some basic individualized explanation "not only 'allow[s] for meaningful appellate review' but it also 'promote[s] the perception of fair sentencing.'" Carter, 564 F.3d at 328 (Gall, 128 S. Ct. at 597). These benefits are

15

especially germane here, where the resentencing is retroactively correcting a structural flaw in the prior crack-cocaine ratio.

For these reasons, I must respectfully dissent.