NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0356n.06

No. 09-5216

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 25, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| RODNEY COLLIER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:    COLE, McKEAGUE and GRIFFIN, Circuit Judges.

PER CURIAM.    After pleading guilty to powder cocaine and crack cocaine trafficking charges, defendant Rodney Collier was sentenced on June 18, 2004 to a prison term of 168 months. The sentence imposed was consistent with the sentence contemplated in the parties' plea agreement and represented a downward departure from the applicable Sentencing Guidelines range of 188 to 235 months. In the Spring of 2008, the district court undertook reconsideration of defendant's sentence under 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission's 2007 "Amendment 706," reducing the Sentencing Guidelines base offense levels assigned to most crack cocaine offenses under U.S.S.G. § 2D1.1. In an order entered February 19, 2009, the district court overruled defendant's objections and declined to reduce the sentence originally imposed. Defendant contends on appeal that the district court abused its discretion. For the reasons that follow, we affirm the ruling of the district court.

**I**

A district court has limited authority to modify a sentence. *See United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). Section 3582(c) provides such authority, implicating a two-step inquiry. *Id.* (citing *Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010)). First, the district court must determine the defendant's eligibility for a sentence modification. *Id.* If a defendant is found to be eligible, then the court must consider the factors prescribed at 18 U.S.C. § 3553(a) to determine whether, in its discretion, a reduction is warranted. *Id.* We review the district court's denial of the sentence modification under § 3582(c) for abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). A district court will be deemed to have abused its discretion only if it relied on clearly erroneous findings of fact, improperly applied the law, or used an erroneous legal standard. *Id.*

There is no dispute that defendant Collier was eligible to be considered for a sentence reduction under § 3582(c), insofar as his original sentence, albeit below the then applicable Guidelines range, was "based on" a subsequently reduced range. *See United States v. Curry*, 606 F.3d 323, 329 (6th Cir. 2010). Further, it is clear that the district court properly determined that the applicable Guidelines range, pursuant to Amendment 706, would have been 151 to 188 months. It is also manifest from the text of the court's order that the court recognized it had discretion to reduce defendant's sentence and recognized that its discretion was to be guided by consideration of the § 3553(a) factors. Defendant contends the district court abused its discretion in two ways: by declining to conduct an evidentiary hearing; and by failing to explicitly consider all of the § 3553(a) sentencing factors.

**II**

In evaluating the appropriateness of a reduction, the court considered but denied defendant's request for an evidentiary hearing, concluding it "would not be helpful." Defendant insists an evidentiary hearing would have been helpful for two reasons. First, he contends an evidentiary hearing would have permitted him to show that the reduced Guidelines range, had it applied at the time of his sentencing, might have influenced the parties' plea agreement recommendation that a sentence of 168 months be imposed. Second, defendant contends an evidentiary hearing would have allowed him to provide "a complete picture" of his post-sentencing rehabilitative efforts.

We find no error in the district court's determination that "evidence" of the potential impact of the subsequently reduced Guidelines range on the parties' plea negotiations and sentencing recommendation was speculative and immaterial and no cause for an evidentiary hearing. The question posed under § 3582(c), as the district court observed, was "not what the parties would have agreed to," but "what is a reasonable sentence for the Defendant's conduct, given the amended sentencing range."

Similarly unavailing is defendant's second argument. The district court had been presented information relating to defendant's post-sentencing adjustment, showing that defendant had been subject to prison discipline for possessing intoxicants, but that he had also completed a drug education program and earned his G.E.D. Finding this evidence equivocal and insignificant in light of defendant's extensive criminal history, the district court indicated that it played no role in the decision not to modify the sentence.

The Supreme Court has recently made it clear that § 3582(c)'s authorization of a discretionary sentence modification is narrow in scope; it does not authorize "a plenary resentencing proceeding," but "only a limited adjustment to an otherwise final sentence." *Dillon*, 131 S.Ct. at 2691. In considering this limited adjustment, the district court could have considered post-sentencing conduct in deciding whether to reduce a sentence, *Watkins*, 625 F.3d at 281, and was not prohibited from conducting an evidentiary hearing. Still, defendant's "complete the picture" argument, without more, hardly demonstrates that the district court erred in determining that a hearing would not be helpful to it in exercising its discretion. Accordingly, the district court did not abuse its discretion by declining to hold an evidentiary hearing.

### III

Defendant also objects to the district court's failure to explicitly address all of the § 3553(a) factors in its two-page order denying the sentence modification. Yet, the district court's order states that the court *did* consider the § 3553(a) factors. Further, the court expressly considered the seriousness of the offenses defendant had pleaded guilty to (§ 3553(a)(2)(A)), as well as the nature and extent of defendant's criminal history (§ 3553(a)(1)). The court also explained that, in the original sentencing, it had "gone along" with the parties' recommendation to vary downward from the then applicable Guidelines range and imposed a sentence that is still in the middle of the now applicable range. This is sufficient explanation for the denial of a § 3582(c) sentence modification. "Section 3582(c)(2) proceedings are not full resentencings and we do not require the district court to articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors." *Watkins*, 625 F.3d at 281. *See also Curry*, 606 F.3d at 330-31

(upholding denial of modification even though court's order was "cursory at best" and "did not expressly consider all the § 3553 factors that might have been relevant."). *Cf. United States v. Howard*, No. 09-2468, — F.3d — (6th Cir. May 24, 2011).

Defendant argues that the court's order offers "no explanation of how [the 168-month] sentence promotes respect for the law, adequately deters criminal conduct, protects the public from further crime by appellant, and provides him 'with needed educational or vocational training' or 'other correctional treatment in the most effective manner.'" However, defendant has not identified how more explicit consideration of any of these factors would or should have warranted a reduced sentence. In other words, he has not identified a specific factual basis for concluding that any of these factors was applicable or relevant to "the limited adjustment" authorized by § 3582(c). *See United States v. Jones*, 407 F. App'x 22, 26 (6th Cir. 2011) (upholding adequacy of explanation of § 3553(a) factors); *United States v. Holland*, 391 F. App'x 468, 469-70 (6th Cir. 2010) (same).

## IV

Accordingly, we find no abuse of discretion in the district court's denial of a sentence modification in this case. The district court's ruling is therefore **AFFIRMED.**