NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0150n.06

No. 12-1860

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 12, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,               )
                                        )
    Plaintiff-Appellee,                 )
                                        )       ON APPEAL FROM THE UNITED
v.                                      )       STATES DISTRICT COURT FOR
                                        )       THE WESTERN DISTRICT OF
COREY YARBROUGH,                        )       MICHIGAN
                                        )
    Defendant-Appellant.                )


Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM.  Corey Yarbrough, who is represented by counsel, appeals a district court order denying his motion for a reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(2).

In 2006, a jury convicted Yarbrough of possession with the intent to distribute five grams or more of cocaine base and possession with the intent to distribute cocaine.  Yarbrough had an advisory sentencing guidelines range of 188 to 235 months of imprisonment.  However, the district court varied downward and imposed concurrent terms of 160 months of imprisonment.  We affirmed Yarbrough's convictions on appeal.  *United States v. Yarbrough*, 272 F. App'x 438, 439 (6th Cir. 2007).

In 2008, Yarbrough filed a motion to reduce his sentence pursuant to section 3582(c)(2).  The district court granted the motion and reduced Yarbrough's sentences from 160 months to 138 months of imprisonment, based on an amended guidelines range of 151 to 188 months of imprisonment.  We affirmed the district court's decision on appeal.  *United States v. Yarbrough*, No. 10-2449 (6th Cir.

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

June 28, 2011) (unpublished order). In 2009, Yarbrough filed a 28 U.S.C. § 2255 motion to vacate his sentence, which the district court denied. We denied Yarbrough a certificate of appealability. *Yarbrough v. United States*, No. 10-1499 (6th Cir. Apr. 20, 2011) (unpublished order).

In 2011, Yarbrough filed the instant pro se motion for reduction of sentence pursuant to section 3582(c)(2), arguing that he was entitled to resentencing under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. A sentence modification report from the probation office noted that Yarbrough's sentencing guidelines range had subsequently been lowered, resulting in an amended sentencing range of 110 to 137 months of imprisonment. Therefore, Yarbrough was eligible for a sentence reduction. The Probation Officer did not recommend a reduction in Yarbrough's sentence because a fifteen percent reduction from that range would result in a sentence shorter than the sentence received by Yarbrough's codefendant. Both parties responded to the sentence modification report. After consideration, the district court denied Yarbrough's request for a further sentence reduction.

On appeal, appellate counsel has filed a motion to withdraw, in which she represents that her review of the record and concomitant legal research has led her to the conclusion that there are no legally non-frivolous issues present in the appeal. Counsel accompanies her motion with a brief prepared in compliance with *Anders v. California*, 386 U.S. 738, 744 (1967), and Sixth Circuit Rule 12(c)(4)(C). Counsel asserts that the district court's discretionary denial of Yarbrough's motion for a reduction of sentence is not reviewable by this Court and, even if reviewable, was not an abuse of discretion. Yarbrough has not filed a response to counsel's motion to withdraw, despite being notified of his right to do so. After undertaking an independent examination of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83 (1988), we concur with counsel and grant the motion to withdraw because no arguable grounds for appeal are apparent in the record.

We have jurisdiction under 18 U.S.C. § 3742 to review the decision in "a sentence-reduction proceeding only where the claim is that the resulting sentence (1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable." *United States v. Bowers*, 615 F.3d 715, 723 (6th Cir. 2010) (internal quotation marks and citation omitted). In the district court, Yarbrough argued that he should be granted a sentence reduction because he was eligible for a reduction, has bettered himself during his incarceration, and has the support of family and friends. As counsel concluded, the denial of a sentence reduction on these grounds is based in reasonableness and is not appealable. *Id.* at 725. Nevertheless, Yarbrough's sentence of 138 months is greater than the amended guidelines range of 110 to 137 months, and we have jurisdiction to review the district court's decision. *Id.* at 722–23.

Section 3582(c)(2) does not require a reduction in a sentence when the sentencing range has been lowered. This decision is discretionary and, therefore, is reviewed for an abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). In determining whether to grant a reduction, the district court judge must consider the sentencing factors of 18 U.S.C. § 3553(a) and "the nature and seriousness of the danger to any person or the community that may be posed" by the reduction. USSG § 1B1.10 cmt. n.1(B). A section 3582(c)(2) reduction does not constitute a full resentencing, however, and the court need not expressly articulate its analysis of each factor if the record demonstrates that the court indeed considered them. *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

The district court's order noted that it considered Yarbrough's motion, the policy statement set forth in USSG § 1B1.10, and the sentencing factors set forth in section 3553(a). Further, the district court judge was aware of the record and Yarbrough's particular characteristics because he was the same judge that originally sentenced Yarbrough in 2006.

An independent review of the record reveals no issue that would support an appeal in this case. Counsel's motion to withdraw is granted and the district court's judgment is affirmed.