NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0500n.06

No. 24-3153

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Dec 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| DEONTE GRIFFIN, | ) | |
|     Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: MOORE, CLAY, and THAPAR, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Deonte Griffin appeals the district court's judgment denying his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

### A. Factual and Procedural History

In 2007, Defendant Griffin committed a series of armed robberies at Circle K and Dollar General stores that culminated in a nine-year prison sentence. In August 2017, following his release, Griffin committed another armed robbery at a Dollar General store. A grand jury indicted Griffin with offenses related to the 2017 incident, and the government filed a Superseding Information charging him with Hobbs Act Robbery (Count One), Use of a Firearm in Relation to a Crime of Violence (Count Two), and Felon in Possession of a Firearm (Count Three). Griffin pleaded guilty to all counts of the Superseding Information. At the sentencing hearing, the district

court calculated Griffin's offense level at 21 and his criminal history category at IV, which resulted in a sentencing guideline range of 57 to 71 months. Griffin's criminal history category reflected the assignment of seven criminal history points, two of which were "status points" incurred due to him being under another criminal justice sentence during the commission of the 2017 offense. *See* Mot. for Sentence Reduction, R. 76, Page ID #327. The court sentenced Griffin to 60 months imprisonment for Counts One and Three, and 84 months for Count Two.

In November 2023, the enactment of Sentencing Guideline Amendment 821 eliminated status points for defendants with six or less criminal history points. Because the removal of these two status points resulted in a lower guideline range, Griffin filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). He argued that Amendment 821 to the federal sentencing guidelines operated retroactively to reduce the points on his record from seven to five, thereby lowering his criminal history category from IV to III. This also lowered his sentencing guideline range from 57-71 months to 46-57 months. Because of the changes effected by Amendment 821, Griffin requested that the court reduce his sentence from 60 months to 46 months for Counts One and Three only. In support of his motion, Griffin cited his remorse and the fact that he was eighteen years old at the time of the prior offense giving rise to the criminal history points, as well as a letter to the court explaining his regret and plans for self-improvement. Although the district court agreed that Griffin was eligible for a sentence reduction under Amendment 821, it concluded that the § 3553(a) sentencing factors did not warrant reduction under the circumstances of his case and accordingly denied the motion. In February 2024, Griffin filed his notice of appeal.

## II. DISCUSSION

### A. Standard of Review

"Generally, '[a] motion for modification made under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion.'" *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014) (quoting *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007)). This Court reverses the district court's decision only if it is "firmly convinced that a mistake has been made." *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005)). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Webb*, 760 F.3d at 517 (quoting *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010)).

### B. Analysis

Defendant Griffin argues that in denying his § 3582(c)(2) motion for a reduced sentence, the district court placed too much weight on damaging factors, namely, his violent criminal history and resultant dangers to public safety, while failing to account for more favorable factors. Defendant explains that Amendment 821 retroactively lowered his criminal history points from seven to five, thereby shortening his guidelines range and making him eligible for a reduced sentence. He also cites his post-sentencing rehabilitative conduct and maintains that both factors "indicate that a lower sentence is appropriate." *See* Appellant Br., ECF No. 12, 13.

The government does not contest Defendant's eligibility for a reduced sentence. Rather, it argues that the district court properly balanced the § 3553(a) sentencing factors in denying Defendant's motion, noting the serious nature of his crimes (armed robbery), his repeated possession of firearms, and related dangers to public safety. We agree with the government.

For sentences of imprisonment, § 3582(c)(2) provides a statutory exception to the general rule that a court may not change or modify a sentence once imposed. *See United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). Under this exception, a court may reduce a defendant's sentence if the sentencing range "has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In determining whether a sentence reduction is proper, a district court must undertake a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, it must establish that a defendant is eligible for a sentence reduction under § 3582(c)(2). *Id*. Second, "the court must consider the section 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted under the circumstances," including "the impact on public safety." *United States v. Watkins*, 625 F.3d 277, 280-81 (6th Cir. 2010). The court may also consider the defendant's post-sentencing conduct; however, "the decision whether to grant an authorized sentence reduction is discretionary." *Watkins*, 625 F.3d at 281; *Curry*, 606 F.3d at 330 (opining that "Section 3582 does not create a right to reduced sentence.").

The parties do not dispute that Defendant is eligible for a sentence reduction under the retroactive application of Amendment 821. Instead, the issue turns on whether the district court abused its discretion in weighing the sentencing factors against the particulars of Griffin's case. We hold that it did not.

The district court's order states in pertinent part:

Defendant received two additional criminal history points at the original sentencing because the crime was committed while he was under the criminal justice system, and he is technically eligible for a reduction in his criminal history points [] under Amendment 821. No sentence reduction is warranted, however, as his current sentence is sufficient but not more than necessary under the 18 U.S.C. section 3553(a) factors. Specifically, there is a grave concern for public safety. Defendant's

history of violent crimes and possession/use of firearms warrants imprisonment of sixty months on counts One and Three, and a consecutive 84 months on Count Two, as originally sentenced. All considerations addressed at the original sentencing remain the same.

Order, R. 79, Page ID #338.  The order, although brief, indicates that the district court considered the relevant sentencing factors, including the nature of Defendant's crimes and dangers posed to the community.  Considering Defendant's history of armed robberies and the relatively lenient sentence he received pursuant to the plea agreement in this case, we cannot conclude that the district court abused its discretion in concluding that he was not entitled to a sentence reduction under the circumstances.  *See Watkins*, 625 F.3d at 281; *see also United States v. Nesbit*, 420 F. App'x 541, 545 (6th Cir. 2011) (affirming the district court's denial of a motion for sentence reduction based on public safety concerns).

Although the district court did not address Defendant's post-sentencing conduct, it was not required to do so.  *See Watkins*, 625 F.3d at 281.  To be clear, a district court "*must* consider the §3553(a) factors to the extent that they are applicable; *must* consider the impact on public safety; and *may* consider the defendant's post-sentencing conduct."  *United States v. Donaldson*, 666 F. App'x 513, 516 (6th Cir. 2016) (quoting *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (emphasis in original)); *see* U.S.S.G. § 1B1.10, cmt. n.1 (B).  This important distinction means that a district court's consideration of post-sentencing conduct is ultimately discretionary.  *See also United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997) (acknowledging that a district court has "discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range.").

Consequently, Defendant's mere eligibility for a sentence reduction does not entitle him to relief under § 3582(c)(2) when other sentencing factors weigh against it.  *See Watkins*, 625 F.3d at 281.  The district court clearly referenced such factors, such as the nature of Defendant's crimes

and public safety concerns, as the basis for its decision, which sufficed to explain its reasoning. *See id.* (noting that this Court does "not require the district court to articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors."). Thus, while the district court was certainly permitted to consider Defendant's post-sentencing conduct in addition to the §3553(a) factors, it did not err by declining to do so.

### III. CONCLUSION

The district court did not abuse its discretion in concluding that a reduction in Defendant's sentence was not warranted. For the reasons set forth above, we **AFFIRM** the judgment of the district court.