NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0326n.06

No. 24-5658

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 02, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| v. | ) ) | |
| WILLIAM HORSLEY, | ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: CLAY, BUSH, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** William Radley Horsley pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A)(viii) and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court initially imposed a sentence of 180 months' imprisonment pursuant to a binding plea agreement. That sentence was within the Sentencing Guidelines range applicable to Horsley at the time of sentencing, which spanned 151 to 188 months' imprisonment. The United States Sentencing Commission subsequently issued amendments to the Guidelines, applicable retroactively, that adjusted the applicable Guidelines range to span 135 to 168 months' imprisonment. On its own motion, the district court reduced Horsley's sentence to 168 months' imprisonment to conform to the new Guidelines range. Horsley now appeals his reduced sentence, arguing that it is procedurally and substantively unreasonable. We affirm Horsley's reduced sentence for the reasons set forth below.

## I.     BACKGROUND

### A.  Charges and Guilty Plea

In October 2020, officers from the South Central Kentucky Drug Task Force conducted a warranted search of Horsley's residence, acting on informant tips that Horsley was trafficking methamphetamine.  During the search of Horsley's residence, officers seized 599.96 grams of substances containing methamphetamine, 28 grams of marijuana, $3,396.33 in cash, and three firearms.  Officers also seized items associated with drug trafficking.

Horsley had previous state-court convictions for felony drug trafficking and possession offenses.  When initially questioned, Horsley admitted that "he knew he was a convicted felon and was not supposed to have firearms," and admitted to the possession of methamphetamine, but denied selling methamphetamine.  Presentence Investigation Report ("PSR"), R. 36, Page ID #118.

As a result of the drug investigation, in February 2021 Horsley was charged by a federal grand jury with (1) possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (Count 1); (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2); and (3) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).

On October 27, 2022, Horsley pleaded guilty to Counts 1 and 2 pursuant to a plea agreement.  The plea agreement was binding on the parties and the court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (C).  In the plea agreement, the government agreed to move to dismiss Count 3, and to decline to seek enhancement of Horsley's sentence pursuant to 21 U.S.C. § 851, under which a greater penalty for Horsley's possession crime may have been available through proof of his prior convictions.  The parties agreed that "the lowest sentence the Court may

impose" on the remaining counts was 180 months.  Plea Agreement, R. 30, Page ID #59.  Horsley was "free to argue for any sentence he wishe[d] down to and including 180 months imprisonment." *Id.*  Horsley agreed to waive his right to appeal his conviction and sentence, unless based on claims of ineffective assistance of counsel or prosecutorial misconduct.

### B.  Horsley's Original Sentencing

Prior to Horsley's sentencing, the United States Probation Department ("Probation") prepared a presentence investigation report ("PSR").  Probation calculated Horsley's Guidelines range at 151 to 188 months' imprisonment.  This calculation reflected an offense level of 31 and a criminal history category of IV.  Probation calculated Horsley's base offense level at 30 pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(5) (2021), reflecting Horsley's possession of 59.43 grams of pure methamphetamine.  Probation then applied two two-level enhancements to Horsley's offense: an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) (2021), reflecting Horsley's possession of firearms, and an enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) (2021), reflecting that Horsley maintained his residence for the purpose of manufacturing or distributing a controlled substance. (*Id.*).  As reflected in Horsley's plea agreement, Probation decreased Horsley's offense level by three pursuant to U.S.S.G. § 3E1.1(a), (b) (2021) to reflect his acceptance of responsibility, resulting in the total offense level of 31.

Probation calculated Horsley's criminal history score at 8.  This score reflected a total of six points accounting for Horsley's prior convictions and, pursuant to U.S.S.G. § 4A1.1(d) (2021), the addition of two "status points" reflecting that Horsley committed the instant federal offenses while on probation for three state offenses.  The calculated criminal history score of eight established Horsley's criminal history category as IV.

The district court sentenced Horsley on February 7, 2023. The court concluded that Horsley's Guidelines range, as calculated in the PSR, was accurate. Neither party objected to Probation's calculations. The government recommended a 180-month sentence, which "while very significant, [was] still a guideline sentence." Sent'g Hr'g Tr., R. 55, Page ID #241. Horsley's counsel recognized that the court was bound by the 180-month sentence, pursuant to the plea agreement, but asked that the court sentence Horsley concurrently with time served in detention on a pending state case.

The court accepted the plea agreement and both parties' recommendations, sentencing Horsley to 180 months' imprisonment to run concurrently with Horsley's sentence in his state case. The court stated that

> A hundred and eighty months is a long time, and I . . . hate to impose a sentence of that length, but in this instance, given the offense conduct, it's my understanding that would have been the mandatory minimum sentence but for the United States' agreement to dismiss Count 3 . . . So I don't think that it's an unreasonable agreement, and, therefore, I am going to sentence in accordance with the (C) plea agreement.

*Id.* at Page ID #243. The court further stated that the "plea recommended to the Court by the parties is sufficient, but not greater than necessary, to address the crime in this matter" given that "possession and distribution of methamphetamine in our communities is something that has to be punished" and "[w]e need to make an effort to deter that, and this is the only tool we have." *Id.* The court acknowledged that it "considered the advisory sentencing guidelines and 18 U.S.C. [§] 3553(a)" in imposing Horsley's sentence. *Id.*

Neither party objected to Horsley's sentence. The government moved to dismiss Count 3, and the court granted the motion.

### C. Horsley's Sentence Modification

Nine months after Horsley's sentencing, in November 2023, the Sentencing Guidelines were amended to adjust language in U.S.S.G. § 4A1.1, pertaining to the calculation of a defendant's criminal history score. When Horsley was sentenced, the Guidelines instructed that two points be added to the defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021). Amendment 821 to the Guidelines omitted this language and replaced it with language instructing to "[a]dd 1 point if the defendant (1) receives 7 or more points" in their criminal history score based on previous offenses and "(2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G., amend. 821 (Nov. 1, 2023). The effect of amendment 821 was to eliminate the addition of criminal history status points for defendants like Horsley, who accrued less than seven points based on previous offenses, and to reduce the status points allotted to all defendants from two to one. A second amendment to the Guidelines, amendment 825, provided that "the targeted changes to the criminal history rules" in amendment 821 "should be applied retroactively." U.S.S.G., amend. 825 (Nov. 1, 2023).

Responding *sua sponte* to amendments 821 and 825,[1] on April 4, 2024, the district court ordered Probation to file a Memorandum of Recalculation of Horsley's sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows a court, on its own motion, to reduce a

---

[1] Horsley earlier filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but he did not reference the Guidelines amendments.

defendant's term of imprisonment if the defendant's sentence was based on a Guidelines range that was subsequently lowered by the Sentencing Commission. *Id.*

Probation submitted a memorandum of recalculation as requested. It concluded that because Horsley's prior convictions resulted in a criminal history score of six, under amendment 821, Horsley's criminal history score was no longer subject to the addition of status points under § 4A1.1(d). Therefore, under the amendments, Horsley's total criminal history score remained at six, establishing his criminal history category as III rather than IV. Horsley's recalculated Guidelines imprisonment range was 135 to 168 months, reduced from the 151-to-188-month range calculated at the time of his initial sentencing in February 2023.

Horsley was appointed counsel, and both parties responded to Probation's memorandum of recalculation. Neither party objected to Horsley's recalculated Guidelines range, accepting the calculation as correct. The government responded that, given the recalculation, it would not object if the court reduced Horsley's sentence to 168 months' imprisonment, the new high end of Horsley's Guidelines range. The government believed that a 168-month sentence was appropriate under the sentencing factors enumerated in 18 U.S.C. § 3553(a), citing Horsley's crimes of conviction, his possession of firearms, his prior criminal history, and the fact that Horsley "would have qualified . . . for career offender status, but for the timing of the state's charging and sentencing decisions." Gov't Resp., R. 67, Page ID #330. Horsley responded and argued that the court should sentence him to 160 months' imprisonment. His only rationale was that the 160-month sentence would mirror the previous 180-month sentence, as both were 8 months below the top of the calculated Guidelines ranges.

After the parties submitted their responses, the court resentenced Horsley on its own motion pursuant to 18 U.S.C. § 3582(c)(2), without a hearing. The court reduced Horsley's

sentence to 168 months' imprisonment. It explained its reasons for resentencing in a form order. The court's entire explanation for the resentencing was contained in one paragraph, which we reproduce below:

> As a result of the application of Amendment 821, the defendant's Criminal History Category is reduced to III, which lowered his guideline range. The Court imposes a sentence of 168 months custody. In determining the revised sentence, the Court has considered the recalculation memo provided by U.S. Probation, the responses to such from the parties, and 18 USC 3553(a). Specifically, at the original sentencing, the defendant entered into a binding plea agreement for a sentence of not less than 180 months custody. He possessed two ounces of pure methamphetamine and multiple firearms. He also has two prior drug trafficking convictions and would have been a Career Offender but not for the timing of the state's charging and sentencing decisions. Therefore, a revised sentence at the high end of the amended guideline range is appropriate.

Order, R. 74, Page ID #390.

## II. DISCUSSION

### A. Scope of Appellate Review

We pause briefly to discuss the scope of our review over Horsley's appeal. Horsley appeals only his 168-month reduced sentence, which was modified pursuant to 18 U.S.C. § 3582(c)(2). He argues that this reduced sentence is procedurally and substantively unreasonable. Typically, we review sentences for reasonableness. *See United States v. Obi*, 132 F.4th 388, 393 (6th Cir. 2025). And were we reviewing, on appeal, the district court's initial sentence, reasonableness review would be appropriate. But Horsley does not appeal the reasonableness of his initial sentence, nor could he, given that he waived his right to such an appeal in his plea agreement.

7

And our review of sentence modifications under § 3582(c)(2) is circumscribed. *See United States v. Payne*, No. 24-5353, 2025 WL 475225, at *3 (6th Cir. Feb. 12, 2025).

In a recent opinion, we clarified that "in an appeal of a § 3582(c)(2) sentence reduction, reasonableness arguments are barred." *Obi*, 132 F.4th at 393 (internal quotation marks omitted). That is because the Supreme Court held, in *Dillon v. United States*, 560 U.S. 817, 828–29 (2010), that the remedial aspects of *United States v. Booker*, 543 U.S. 220 (2005), from which reasonableness review derives, do not apply to § 3582(c)(2) proceedings. *See United States v. Bowers*, 615 F.3d 715, 727 (6th Cir. 2010).

Because reasonableness review does not apply, our ability to review sentences modified pursuant to § 3582(c)(2) is ordinarily dictated by the terms of 18 U.S.C. § 3742. Section 3742 provides that we may grant relief to defendants sentenced in certain circumstances, including when a sentence "was imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." *Id.* § 3742(a)(1), (2). Importantly, "an allegation of procedural or substantive unreasonableness does not constitute a 'violation of law' within the meaning of § 3742(a)(1)," *Payne*, 2025 WL 475225, at *3, and Horsley does not argue an incorrect application of the Guidelines.

Further complicating matters, however, is the fact that § 3742 is a claims-processing rule and not a limit on our subject-matter jurisdiction. *Id.*; *Obi*, 132 F.4th at 394. It can therefore be waived or forfeited. *Payne*, 2025 WL 475225, at *3. In several recent cases, we have assumed, without deciding, that the government's waiver of a § 3742 argument authorizes us to review the defendant's modified sentence for procedural and substantive reasonableness. *See Obi*, 132 F. 4th at 394–95; *Payne*, 2025 WL 475225, at *3; *United States v. McMillin*, No. 24-5530, 2025 WL 523676, at *1 (6th Cir. Feb. 5, 2025) (per curiam); *United States v. Begley*, No. 21-5760, 2023 WL

2991868, at *2 (6th Cir. Apr. 18, 2023).  In this case, the government has forfeited the argument that § 3742 restricts review by failing to raise the argument.  *Cf. United States v. Smithers*, 960 F.3d 339, 341 (6th Cir. 2020) (stating that the government had forfeited the argument in the context of a First Step Act appeal).  We therefore assume, as in our waiver cases, that we are authorized to review Horsley's claim for procedural and substantive reasonableness.

## B.  Standard of Review

As discussed, the reasonableness inquiry has both procedural and substantive components. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Under both components, "[c]hallenges to the reasonableness of a sentence are reviewed under the deferential abuse-of-discretion standard." *United States v. Brooks*, 628 F.3d 791, 795 (6th Cir. 2011) (citing *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009)).  Under this standard, "[e]ven if we 'might have reasonably concluded that a different sentence was appropriate[, this] is insufficient to justify reversal of the district court.'" *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (second alteration in original) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).

## C.  Analysis

### 1.  Procedural Reasonableness

"Procedural error occurs when the district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Thomas-Mathews*, 81 F.4th 530, 541 (6th Cir. 2023) (cleaned up). Horsley does not contest his original 180-month sentence.  Instead, he argues that the district court committed procedural error in reducing his sentence to 168 months because the court failed to adequately explain the sentence, and why a greater reduction was not warranted.  He also argues

9

that the district court failed to consider sentencing factors enumerated in 18 U.S.C. § 3553(a) in imposing the modified sentence. Assuming we can decide Horsley's procedural reasonableness challenges, we see no basis for relief in Horsley's case.

To determine whether the district court's short explanation for resentencing constituted procedural error in this case, we must assess what explanation 18 U.S.C. § 3582(c)(2) requires. The court's decision to reduce a defendant's sentence pursuant to § 3582(c)(2) is discretionary and requires that the court "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Pursuant to the statute, reducing a defendant's sentence under § 3582(c)(2) involves a two-step inquiry. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010) (citing *Dillon*, 560 U.S. at 826). First, "the court must determine the defendant's eligibility for a sentence modification under the Sentencing Commission's policy statements and the extent of reduction authorized." *Id.* (citing *Dillon*, 560 U.S. at 827). The court then "must 'determine the amended guideline range that would have been applicable to the defendant' if the relevant amendment had been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Second, "[i]f a defendant is eligible for a sentence reduction, then . . . the court must consider the section 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted under the circumstances," *id.*, in "whole or in part," *Dillon*, 560 U.S. at 827. In this case, neither party challenges the district court's decision to grant Horsley a sentence reduction at step one of the § 3582(c)(2) inquiry. Instead, Horsley challenges the adequacy of the district court's considerations at step two of the inquiry.

At this step, the Supreme Court has assumed, without deciding, that a district court is obligated to provide on-the-record reasons for its chosen sentence when modifying a sentence under § 3582(c)(2). *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2010). District courts retain significant discretion in deciding motions for a sentence reduction, but "bear [a] standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Concepcion v. United States*, 597 U.S. 481, 501 (2022). The district court's obligation is satisfied when it "set[s] forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *Chavez-Meza*, 585 U.S. at 113 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). It need not issue a "full opinion in every case." *Id.* (quoting *Rita*, 551 U.S. at 356).

Supreme Court precedent suggests that the district court's form order and lean explanation for Horsley's sentence reduction satisfied its requirement to explain Horsley's reduced sentence and was therefore procedurally reasonable. Specifically, we look to *Chavez-Meza*, which presented the Supreme Court with a similar set of circumstances to those we consider in this case. 585 U.S. at 111, 114. Chavez-Meza was originally sentenced to 135 months' imprisonment for methamphetamine possession, the bottom of his applicable Guidelines range of 135 to 168 months' imprisonment. *Id.* at 114. After Guidelines amendments lowered the applicable range to 108 to 135 months' imprisonment, the district court modified Chavez Meza's sentence, pursuant to § 3582(c)(2), to 114 months' imprisonment. *Id.* The court entered a form order imposing the sentence, which explained only that "the judge had 'considered' petitioner's motion and 'tak[en] into account' the § 3553(a) factors and the relevant Guidelines policy statement." *Id.* (alteration in original).

Chavez-Meza appealed the sentence reduction, arguing that the court did not adequately explain why it rejected his request for an even lesser sentence of 108 months' imprisonment. *Id.* at 115. Ultimately, the Supreme Court upheld Chavez-Meza's sentence and ruled the district court's explanation was satisfactory. *Id.* at 117. The Court explained that a district court "need not provide a lengthy explanation if the 'context and the record' make clear that the judge had 'a reasoned basis' for reducing the defendant's sentence" to the extent it chose. *Id.* at 117 (quoting *Rita*, 551 U.S. at 356, 359). And if this reasoned basis is apparent, a district court is not required to provide additional explanation for its rejection of the defendant's requested sentence.

Further, when a district court modifies a defendant's sentence, it is not required to "choose a point within the new lower Guidelines range that is 'proportional' to the point previously chosen in the older higher Guidelines range." *Id.* at 116. Rather, "a judge's choice among points on a range will often simply reflect the judge's belief that the chosen sentence is the 'right' sentence . . . based on various factors," none of which is more favored than the others. *Id.* at 117.

The necessary consideration and "reasoned basis" was clear in Chavez-Meza's case, where the district court sentenced Chavez-Meza originally, had the original sentencing record before it, and noted the Guidelines policy statements and the § 3553(a) factors in its consideration of Chavez-Meza's motion for a lower sentence. *Id.* at 118.

The district court's consideration and "reasoned basis" for its decision is also clear in Horsley's case, leading us to conclude that the court did not commit procedural error in sentencing Horsley. The district court sentenced Horsley initially, and had the record of Horsley's original sentencing before it. *See id.* At Horsley's original sentencing, "[t]he record as a whole strongly suggest[ed] that the judge originally believed that, given [Horsley's] conduct," that a 180-month sentence was warranted. *Id.* Although the district court noted that the plea agreement obligated it

to impose a 180-month sentence, it independently found the sentence justified given Horsley's crimes and its belief that "possession and distribution of methamphetamine in our communities is something that has to be punished" and deterred. Sent'g Hr'g Tr., R. 55, Page ID #243. Thus, it was "unsurprising that the judge considered a sentence somewhat higher than the" 160-month sentence Horsley requested to be appropriate. *Chavez-Meza*, 585 U.S. at 118–19.

Further, the district court in Horsley's case provided a more detailed contemporaneous explanation for its choice of the modified 168-month sentence than the explanation upheld in *Chavez-Meza*. *Cf. id.* at 114. Rather than merely certifying that it had considered the appropriate criteria, as in *Chavez-Meza*, in this case the district court so certified and provided additional reasons for why it imposed a reduced sentence at the top of Horsley's Guidelines range. Specifically, it cited Horsley's original plea agreement (which specified a minimum sentence of 180 months), the severity of Horsley's crime, and Horsley's criminal history, including that he would have qualified as a Career Offender "but not for the timing of the state's charging and sentencing decisions" in another drug trafficking case. Order, R. 74, Page ID #390; *see* U.S.S.G. § 4B1.1 (2021) (sentencing guideline for career offenders); PSR, R. 26, Page ID #131 (describing Horsley's 2021 Kentucky state conviction for possession of methamphetamine and indicating that sentencing was pending). Thus, as in *Chavez-Meza*, we can discern a sufficient explanation for the district court's 168-month sentence from the record of Horsley's original sentencing and the district court's form order, leading us to conclude that the district court did not abuse its discretion. 585 U.S. at 118–19.

Horsley argues that "the 8-month reduction sought by the defense strikes an appropriate balance between the original sentence and the amended guideline range." Appellant's Br., ECF No. 10, 16. But, as in *Chavez-Meza*, there is "nothing that favors" Horsley's preferred 160-month

sentence over the 168-month sentence imposed. 585 U.S. at 117. The district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review," and thus Horsley's sentence cannot be procedurally unreasonable on this ground. *Id.* at 115 (quoting *Gall*, 552 U.S. at 50).

Horsley makes an additional procedural reasonableness argument that, in reducing his sentence, the district court failed to consider the sentencing factor enumerated in § 3553(a)(2)(C): the need "to protect the public from further crimes of the defendant." *Id.* Specifically, Horsley argues that under this factor, the court should have considered the fact that Horsley had no disciplinary record in prison and therefore was not a risk to public safety, favoring a further sentence reduction. We conclude that the district court sufficiently considered § 3553(a)(2)(C).

Section 3582(c)(2) instructs courts, in modifying a defendant's sentence, to "consider[] the factors set forth in section 3553(a) *to the extent that they are applicable*." *Id.* (emphasis added). The Supreme Court has recognized that this reference to § 3553(a) does not "serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Dillon*, 560 U.S. at 827. Horsley argues that § 3553(a)(2)(C) is always an applicable factor that a district court must consider because the application notes to U.S.S.G. § 1B1.10, the policy statement governing sentence reductions as a result of an amended Guidelines range, state that "[t]he court *shall* consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) (2023) (emphasis added).

To the extent that the district court was required to consider § 3553(a)(2)(C) in modifying Horsley's sentence, we are satisfied it properly considered that factor. When sentencing a defendant, we have said that a district court is not required to "provide a rote listing or some other

ritualistic incantation of the relevant § 3553(a) factors," instead, this Court may look to the record to assess whether the sentencing court addressed the relevant factors in reaching its conclusion. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). It is true that the district court did not specifically mention its consideration of § 3553(a)(2)(C), the need to protect the public from Horsley's future crimes, or Horsley's disciplinary record at Horsley's original sentencing hearing or when modifying his sentence. But at Horsley's initial sentencing the court discussed the impact of possession and distribution of methamphetamine "in our communities." Sent'g Hr'g Tr., R. 55, Page ID #243. And it addressed Horsley's history of drug trafficking convictions in its resentencing order. The district court's consideration of these facts suggests that it adequately considered public safety in imposing Horsley's 168-month sentence.

Horsley did not argue before the district court that his lack of disciplinary history warranted a further reduction, he argued only that he should receive a reduced sentence at a point in his new Guidelines range proportional to where his previous sentence sat within his old Guidelines range. And there is no requirement that the district court *sua sponte* reference or consider Horsley's post-sentencing prison disciplinary record in modifying his sentence. Indeed, while the application notes to U.S.S.G. § 1B1.10 state that "[t]he court *shall* consider" the defendant's danger to the community in reducing a sentence, the notes provide only that "[t]he court *may* consider" the defendant's post-sentencing conduct, leaving it to the district court's discretion to do so. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii), (iii) (2023) (emphasis added). So, assuming we may consider Horsley's procedural challenge, we discern no procedural error.

## 2. Substantive Reasonableness

Horsley further argues that his modified sentence is substantively unreasonable because it reflects an improper balancing of the § 3553(a) factors. Assuming we may reach Horsley's substantive reasonable challenge, we discern no basis for relief on this ground.

In reviewing for substantive reasonableness, this Court "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (order) (internal quotation marks omitted). And, as we stated in *United States v. Rayyan*,

> A claim that a sentence is substantively unreasonable is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals). The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness. It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual.

885 F.3d 436, 442 (6th Cir. 2018). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

However, in *United States v. Obi* we recognized that "to whatever extent we can consider the substance of a district court's § 3582(c)(2) ruling, our standard of review in doing so is even more relaxed than the already relaxed substantive reasonableness standard." 132 F.4th at 397. That is because while courts at an initial sentencing "must consider each sentencing factor," as

discussed, "at the sentence reduction stage, Congress determined that courts need only consider those factors 'to the extent that they are applicable,'" making it reasonable to place no weight on inapplicable factors. *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Though *Obi* did not specify the degree to which our review is further relaxed, it is clear that Horsley faces "daunting obstacles." *Id.* A district court's weighing of the § 3553(a) factors is, even upon our review of initial sentencings, "a matter of reasoned discretion" to which we owe "highly deferential review." *Rayyan*, 885 F.3d at 442. Further, Horsley's 168-month reduced sentence was within the applicable sentencing guidelines range and is therefore presumptively reasonable. *See United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022).

Horsley fails to rebut this presumption of reasonableness. He does not convincingly argue that the district court ignored or unreasonably weighted the § 3553(a) factors, to the extent that they were applicable. Instead, Horsley simply states that the district court's lack of explanation as to its imposition of his modified sentence "also precludes a determination that the § 3553(a) factors were reasonably balanced." Appellant's Br., ECF No. 10, 17. He "incorporate[s] by reference" his argument that the district court failed to consider public safety concerns, and further argues that the district court gave undue weight to the factors it did consider: Horsley's offense conduct and prior convictions. *Id.* at 14–15, 17.

Horsley's argument amounts to a claim that the district court placed too much weight on some of the § 3553(a) factors, and not enough on others. But the district court's weighing of the § 3553(a) factors is a matter of "reasoned discretion" to which this Court is highly deferential. *Rayyan*, 885 F.3d at 442. The record at initial sentencing shows that even with the existence of Horsley's binding plea, the district court specifically considered the offense conduct, Horsley's history and characteristics, the need for just punishment, the need to adequately deter

methamphetamine-related crimes, and the provision of drug treatment to Horsley in prison. The court reiterated some of these considerations in its later order modifying Horsley's sentence.

The severity of Horsley's offense conduct may have driven the court's decision to impose a 168-month sentence. But Horsley does not provide a compelling reason as to why this was substantively unreasonable. Instead, Horsley effectively asks this Court to rebalance the § 3553(a) factors to identify an alternate sentence. But "that is not our job under the deferential substantive-reasonableness test." *United States v. Holt*, 116 F.4th 599, 617 (6th Cir 2024) (rejecting the defendant's argument that "the district court focused too much on the serious nature of his murder and not enough on the mitigating factors" in crafting his sentence). There is no reason to think the district court committed substantive error in this case, especially given our recognition that our review of a district court's balancing is more relaxed when a defendant's sentence is modified pursuant to § 3582(c)(2).

## III.     CONCLUSION

We **AFFIRM** the judgment of the district court.